# Smith *against* Jack.

The suing out of a *fieri facias*, and the collection of the costs upon a judgment in ejectment, is inconsistent with the prosecution of a writ of error by the same party, which, under such circumstances, will be dismissed on motion of the defendant in error.

WRIT of error to the Common Pleas of *Butler* county.

George Smith against William Jack and Robert Jack. This was an action of ejectment for one hundred and twenty-five acres of land, in which the plaintiff recovered only a verdict for the three-fifths of the land. The plaintiff took an exception to the opinion of the court, and sued out this writ of error.

While the writ of error was pending, and before the record was

II. — I *

sent up, the plaintiff sued out on the judgment a *fieri facias* for costs, upon which they were collected by the sheriff.

*Holstein*, for defendant, admitted the error in the opinion of the court below, but moved to dismiss the writ of error, on the ground that the plaintiff had sued out a *fieri facias* upon his judgment, and collected the costs.

*Sullivan* and *Pearson*, for plaintiff in error, disclaiming any previous knowledge of the fact that the counsel in the lower court had issued a *fieri facias* for costs, argued that a mistake of that kind should not be permitted to deprive a party of his rights, especially when this Court had the power to set the matter right, by awarding restitution, upon the reversal of the judgment. A party should not be deprived of his remedy, in this Court, by a constructive *retraxit*, or release of errors.

The opinion of the Court was delivered by

HUSTON, J. — The record presented an ejectment for 125 acres of land. The defendant, William Jack, took defence for 50 acres off the east end of the tract, under articles of agreement with David Regal, dated 7th October 1836. Both parties admitted the right to the whole tract was in David Regal and William Regal. George Smith's title was on 1st December 1837, and was for the whole 125 acres, and was from David Regal and William Regal. It was a matter disputed whether Smith, at the time of his purchase, had actual notice of the previous sale by David to William Jack, of a part of the land; and this, as a matter of fact, was left to the jury. After the sale to Smith, William Regal also sold to Jack. The court told the jury that David Regal had no authority to sell any specific part in entirety, as no division between him and William was proved, or alleged, and if they found that Jack could hold by reason of Smith purchasing with notice, he could only hold an undivided 50 acres of the tract; that is, two-fifths, and the plaintiff, in that case, could recover an undivided 75 acres; that is, three-fifths. The jury found for the plaintiff the three-fifths of 125 acres, and plaintiff took this writ of error.

After the counsel of the plaintiff had so far opened his case, the defendant's counsel stated that after suing out his writ of error, Smith had filed his bill of costs, and sued out a *fieri facias*, on which the whole costs of the suit had been levied from Jack; and that this was done before the record was made up in the Common Pleas, and the *fieri facias* and collection of the whole amount was sent up with the record, and was before us; and suggesting that this was inconsistent with the prosecution of the writ of error, moved that it be dismissed. The counsel for plaintiff in this court stated that this had been done by the attorney in the county, and he had no knowledge of the reason for it, or of the fact that the

[Smith v. Jack.]

case was so, until he saw the record here; and submitted the matter to the court. There was no argument of the alleged errors, nor of this point.

There are cases in which a plaintiff is allowed to take execution, although the defendant has taken a writ of error. In the slight examination I have been able to bestow, I have not found any decided case; though we remember a case from Centre county, in which, after taking a writ of error, the party who sued it out took out of court the amount in dispute, which had been deposited there, and this Court dismissed his writ of error. It seems inconsistent that a party should proceed on his judgment as good and valid, in one court, while he is contending in another tribunal that it is erroneous, and ought to be reversed.

Writ of error dismissed.