## Hall *et al.* versus Lacy *et al.*

A party suing out an execution and enforcing a judgment in his favour elects to take it as rendered, and cannot afterwards prosecute a writ of error thereto.

ERROR to the Common Pleas of *Venango county*.

This was an action of ejectment for nine tracts of land, by Orris Hall and Chapin Hall against George S. Lacy *et al.* Plaintiffs claimed the whole of two of the tracts, Nos. 3825 and 3826, and the undivided half of the other lands described in the writ. The court ruled that they were entitled only to the undivided half of all the lands described. To this the plaintiffs excepted,

[Hall *et al. v.* Lacy *et al.*]

and bill was sealed. Verdict was rendered in accordance with instructions of the court, and judgment entered. Plaintiff enforced the judgment, obtained possession, and collected the costs, and subsequently took this writ of error.

*Johnson & Scofield,* for plaintiffs in error.

*Maynard & Lacy,* for defendants in error, moved to dismiss this writ of error, on the ground that plaintiffs having proceeded on the judgment, and reaped the fruits thereof, could not afterwards complain of it.

The opinion of the court was delivered, January 7th 1861, by STRONG, J.—We cannot undertake to review this record. The plaintiffs in error recovered a verdict in the court below on the 25th of August 1857, and judgment was entered on the verdict six days afterwards. A writ of *habere facias possessionem,* with a *fi. fa.* for costs, was then issued, the costs were collected, and the possession was delivered. After this, it is too late for plaintiffs to complain of the judgment. They have acquiesced in it for years, and they have taken its fruits. In Smith *v.* Jack, 2 W. & S. 101, it was held that the suing out a *fi. fa.,* and the collection of the costs upon a judgment in ejectment, is inconsistent with the prosecution of a writ of error by the same party, which, under such circumstances, will be dismissed on motion of the defendant in error. A very similar decision was made in Ullery *v.* Clark, 6 Harris 148. The ground of these decisions is, that suing out an execution and enforcing the judgment is an election to take it as rendered, and inconsistent with any assignment of errors.

Writ of error dismissed.

THOMPSON, J., having been of counsel for defendants, did not sit in this case.