## JOSEPH PRATT *vs.* WILLARD F. POND & others.

The equitable jurisdiction of this court does not extend to cases where the parties have a plain, adequate and complete remedy, either at common law, or under the statutes of tl e Commonwealth.

A bill in equity does not lie to compel a reconveyance of land by the grantee named in a deed, which has been fraudulently obtained of the grantor and put on record after the execution but before the delivery thereof.

BILL IN EQUITY, alleging that the plaintiff is assignee of John F. Pond, an insolvent debtor ; that the debtor was seised of certain land in Worcester, and it was agreed between him and Willard F. Pond, one of the defendants, that the' debtor should convey it to William H. Harris, another of the defendants, in trust for the wife of Willard F. during her life, and upon her death to be conveyed to Willard F., whenever the latter should pay certain sums of money ; that the debtor executed a deed accordingly to Harris, but did not deliver it, and it was agreed that the same should be deposited with Harris for safe keeping merely, but not delivered or recorded, until the payment of said sums of money ; that Willard F. fraudulently procured the deed of the debtor for the purpose of depositing it with Harris, and, instead of so depositing it, fraudulently caused it to be recorded in the registry of deeds; and that the same has never been delivered to Harris.   The prayer was that the deed might be cancelled, and the defendants required to reconvey the land to the plaintiff, and pay the rents and profits received by them, and for further relief.

The defendants filed a general demurrer.

*G. F. Hoar*, for the defendants.

*P. C. Bacon*, for the plaintiff.

CHAPMAN, J.   The defendants demur to the bill on the ground that the plaintiff has a plain, adequate and complete remedy at law.   If he has such remedy, the equitable jurisdiction of the court does not extend to the case; for the statute giving to the court full equity jurisdiction, expressly limits it to cases where the parties have not such remedy at law.   Gen. Sts. *c.* 113, § 2.

And the remedy at law must refer to remedies at law as they exist under our statutes, and according to our course of practice. This may exclude some of the cases where the English courts of equity take jurisdiction, especially cases involving fraud.

The court are of opinion that the plaintiff has a plain, adequate and complete remedy at law, by a writ of entry. If in such action the defendants plead *nul disseisin,* the validity of the deed will be tried, and a verdict in the plaintiff's favor will remove all cloud from his title. If they plead a disclaimer or nontenure, the like result will follow. In either event, he will have no occasion for a reconveyance. He has thus no occasion for relief in equity. Nor is there any occasion for any injunction against a sale of the land *pendente lite,* for such a sale would have no validity against the plaintiff's title.

*Demurrer sustained*