JOHN S. MARTIN & others *vs.* SAMUEL GRAVES & wife.

A bill in equity lies to set aside a deed procured by fraud, if the estate of the grantee therein is postponed until the death of a person who is yet living.

BILL IN EQUITY by the residuary devisees of John Sparhawk, deceased, alleging that the defendants through fraud and undue influence procured from Sparhawk in his lifetime, without consideration, the execution of a deed of land to Sarah Graves, the female defendant, in which the right of occupying the premises was reserved to Sparhawk and his wife, during their joint lives and the life of the survivor of them; and that the defendants have refused to deliver up or cancel the deed, but claim title to the premises, subject to the life estate of the widow of Sparhawk. The defendants filed a general demurrer.

*J. H. Robinson,* for the defendants. The plaintiffs have a plain, adequate and complete remedy at law. *Somes* v. *Skinner,* 16 Mass. 348. *Pool* v. *Lloyd,* 5 Met. 525. *Pease* v. *Pease,* 8 Met. 395. *Wilson* v. *Leishman,* 12 Met. 316. *Woodman* v. *Saltonstall,* 7 Cush. 181.

*S. H. Phillips,* for the plaintiffs.

MERRICK, J. The defendants contend that upon the facts stated in the bill the plaintiffs have a plain, adequate and complete remedy at law, and therefore that their demurrer must be sustained. It is true that if the defendants were in possession of the premises described in the bill, claiming title thereto, and a right to exclude the plaintiffs therefrom, under and by virtue of the deed from John Sparhawk to Sarah Graves, and that the validity of this deed constituted the only matter in controversy between the parties, the plaintiffs would be afforded in proceedings at law an ample and perfect remedy. If they could successfully contest the validity of that deed by showing that it was obtained by fraud and imposition practised upon the grantor, they could recover judgment for possession of their respective shares of the estate either in a writ of entry or under a petition for partition. And the rendition of a final judgment

in their favor upon either of those processes would effectually protect them against any alienation which might be made after the commencement and during the pendency of such proceedings. *Thayer* v. *Smith,* 9 Met. 469. *Woodman* v. *Saltonstall,* 7 Cush. 181. *Pratt* v. *Pond, ante,* 59. *Clark* v. *Jones, ante,* 379.

But it appears from the allegations in the bill that in fact the defendants are not in possession of the premises. In the deed of John Sparhawk to Sarah Graves he expressly reserved to himself and to his wife the right to live upon and occupy the same during their joint lives, and the life of the survivor of them And the plaintiffs aver that they have requested the said Sarah and Samuel to give up and cancel said deed, and to convey the premises to them, but that the defendants refuse to do so, and claim title thereto, subject to the life estate of the widow of John Sparhawk. From these averments it appears that the defendants claim only a reversionary interest in the estate, that they are not in the occupation, and have no right to the present possession of it. Under such circumstances, the plaintiffs cannot maintain against them either a writ of entry, or a process under the statute for partition. Their only effectual remedy, therefore, must at this time be by a bill in equity; and otherwise they might be without adequate relief. Whenever a deed or other instrument exists which may be vexatiously or injuriously used against a party after the evidence to impeach or invalidate it is lost, or which may throw a cloud or suspicion over his title or interest, and he cannot immediately protect or maintain his right by any course of proceedings at law, a court of equity will afford relief by directing the instrument to be delivered up and cancelled, or by making any other decree which justice and the rights of the parties may require. 2 Story on Eq. § 694.

It is therefore clear that the objection taken by the defendants to the maintenance of the bill cannot be sustained, and that their demurrer must be overruled.