## Baily *versus* Baily.

*Estoppel* in pais.—*Assertion of legal Right under Decree of Divorce, effect of.*

1. The legal assertion of a right acquired by decree of a court of competent jurisdiction made in due course of law, will estop or bar the party from all proceedings thereafter to invalidate the decree under which the asserted right has been claimed.

2. Thus, where after decree of divorce, the wife brought replevin against her former husband for certain articles of personal property claimed by her, and recovered judgment for them by an award, from which there was no appeal, it was *held* that she was estopped by this assertion of her right from denying on appeal the validity of the decree of divorce.

APPEAL from the Common Pleas of *Chester county.*

This was an appeal by Mrs. Baily from the decree of the court below dissolving the marriage between her and her husband, John P. Baily, on his bill charging her with malicious desertion and absence without just cause, &c., from the 12th of September 1851 until July 13th 1861, when the petition was filed.

The *subpœna* was duly served on her, but she made no resistance to the application or the decree, which was made November 30th 1861. On the 2d of July 1862, Mrs. Baily brought an action against her husband for certain articles of personal property which she alleged belonged to her, having been given to her by her father when she commenced housekeeping, in 1845.

On this suit she recovered judgment by award of arbitrators for $125, which was not appealed from.

When the appeal from the decree of divorce was reached in this court, the appellee, Mr. Baily, was allowed to plead, in bar of the errors assigned, the record of this action of replevin; to which the appellant demurred; and the question was as to the effect of this assertion of right on the part of the appellant under the decree, and the recovery thereon, upon her attempt to invalidate it on appeal to this court.

*Brinton* and *D. P. Brown,* for appellant.

*W. Townsend* and *William Darlington,* for appellee.

[Baily *v.* Baily.]

The opinion of the court was delivered, February 16th 1863, by

THOMPSON, J.—When this case came on for argument in this court, the appellee was allowed to plead, in bar of the errors assigned, the record of a judgment in replevin, recovered by arbitration by the appellant, Mrs. Baily, against John P. Baily, her former husband, since the decree of divorce, for the purpose of estopping her from reversing that judgment; that being the foundation of her right to sue in her own name for the recovery of property in the possession of her former husband. To this plea the appellant's counsel demurred generally, and thus is presented the question of the effect of this assertion of a right under the decree, and a recovery of judgment in consequence thereof, upon the attempt now to invalidate it on the ground of supposed irregularities.

The decree in divorce now appealed from by Mrs. Baily, was made by the court below on the 30th November 1861, upon the petition or libel of her husband, filed on the 13th July 1861, charging wilful and malicious desertion and absence of his wife from the 12th of August 1851, until the filing of the libel. There was a personal service of the *subpœna* on the wife, but she made no resistance to a decree of dissolution of the bonds of matrimony. Afterwards, on the 2d of July 1862, Mrs. Baily caused suit to be brought for the recovery of certain articles of personal property, which she claimed in the *narr.* as her own, in the possession of John P. Baily. On the 5th of November 1862, she obtained an award of arbitrators in her favour of $125, which is in full force and unappealed from, and in which, after the award filed, she also filed her bill of costs.

This is the substance of the special plea of the appellee, and it is admitted by the demurrer on part of the appellant, but the legal effect denied.

It is not an estoppel by matter of record, because, although between the same parties, it does not arise in the same case; yet undoubtedly this case gave vitality to that, as that could not have been maintained but for the decree in this. How are we then to consider it? Are we to allow the solemn assertion of a party made in a judicial proceeding, when the matter asserted is for the interest of that party, and when the object in making it has been accomplished, turn around and assert its non-existence in another case with the same party, and by that means bind him to a position which he otherwise could have got rid of by pursuing his legal remedies? This would be manifest injustice, and contrary to every principle of law. The retraction of the assertion of the divorce, which was undoubtedly made, and which the law would presume to have been made, in the replevin suit brought and pressed to judgment by Mrs. Baily, in the form it was, and resulting as it did, would be an undoubted wrong against the

appellee. The appellant asserted her divorce, and the appellee did not, and could not, deny it, and hence he stood towards his former wife as a stranger, and fought his legal battle on that ground, and so did she; but after he is defeated, and time has ripened the award into an absolute judgment, she seeks to annul the very ground of her right to recover as an unmarried woman. There are many cases in this kind of estoppel referred to in the Duchess of Kingston's Case, 2 Sm. L. Cases 645, 646. They are claimed among estoppels *in pais*, and this arises from the manifest injury which would result from repugnant and inconsistent claims made or asserted in courts of justice.

In Martin *v.* Ives, 17 S. & R. 364, the decision was placed on this ground. There the plaintiff in error was defeated on a plea in bar to the errors assigned, in substance, that as the plaintiff in error had in another action claimed for an award appealed from by the plaintiff, and in which a nonsuit was suffered by him, that it had the effect of a verdict and judgment in ejectment in favour of the defendant, and after so asserting its effect, this court held him barred from reversing it: Gibson, C. J., saying, " he shall not controvert what he himself directly asserted." So in Com. Dig. tit. *Estoppel*, it is laid down " that a widow who has recovered dower shall not claim land settled upon her in jointure." And shall not a woman who has permitted a decree of divorce to pass against her, be estopped from claiming both as a divorced woman and as a married woman? The assertion of the one position must preclude the other certainly, between the same parties. There is a class of cases in Pennsylvania in which the doctrine of estoppel *in pais* is carried further than that quoted above. Goodman *v.* Losey, 3 W. & S. 526, belongs to it, which seems to hold that a solemn assertion in a court of justice will estop the party making it from denying a title asserted. In that case the party set up an outstanding title in one Bruner, and called his grantor, Crandall, to support it : he was rejected, because if the trial resulted in favour of the defendant on the outstanding title, they would be estopped in case of an ejectment by Bruner from denying the title which they had availed themselves of to defeat the present plaintiff; so that Crandall was supporting his warranty by his oath, and was interested. Rogers, J., in delivering the opinion of the court said : " On the production of the record in the suit, accompanied with proof that the defendants had alleged title in Bruner, and thereby defeated the plaintiff, they would be estopped to prove either title in themselves or in a third party ; for a party may be as effectually estopped by matter *in pais* as by matter of record, and he is not permitted to controvert what he himself has directly asserted : Martin *v.* Ives, 17 S. & R. 367." It is not the record that estops in such cases, but it is the repugnant rights claimed in the case

[Baily v. Baily.]

which the record proves to exist that works an estoppel *in pais*. We have many such cases occurring in the same action, such as Jack *v.* Jack, 2 W. & S. 101; Elmer *v.* Elmer, 9 Barr 166; Ullery *v.* Clark, 6 Harris 150, and Hall *v.* Losey, 1 Watts 366. The principle, however, is the same, although the circumstances may be different. There cannot be a doubt about it, I think, where the repugnancy has operated, or would, if the retraction were allowed, operate unjustly on the rights of others.

We think, therefore, that Mrs. Baily, by suing her former husband after the decree in divorce, the application for which she had personal notice as a *feme sole*, and declaring for property, the possession of which could only rightfully be exclusively claimed by her on the ground that the bonds of matrimony had been legally dissolved, and no longer binding between her and her husband, asserted the existence of that decree as a valid and binding decree, and is now, on the principles laid down, estopped from controverting it. We will not, therefore, look into the alleged errors in granting the decree, but overrule the demurrer, and give judgment in the plea against the appellant, and dismiss the appeal.

Decree affirmed and appeal dismissed, at the costs of the appellant.