# CHARLESTON.

## McKain v. Mullen et al.

Submitted February 25, 1908.    Decided April 27, 1909.

1. APPEAL AND ERROR—*Right to Appeal—Waiver.*
   A party who accepts the benefit of a decree waives his right to appeal from that decree, unless he is so absolutely entitled to the benefit received that a reversal will not affect his right to it. (p. 560.)

2. SAME.
   One cannot avail himself of that part of a decree which is

favorable to him, accept its benefit, and then prosecute an appeal to reverse such portion of the same decree as militates against him, when the acceptance of the benefit from the one part is totally inconsistent with the appeal from the other. (p. 561.)

3.  SAME—*Acceptance of Benefits.*

The defendant in a suit by which his tax deed is set aside, cannot unreservedly accept the taxes, interest and charges tendered by the bill and ordered by the decree to be paid him, and then appeal from the decree. His acceptance is a positively implied waiver of his right to appeal. Nor will an offer to return the money, made long after its acceptance, avail to prevent dismissal of an appeal in such case. (p. 561.)

Appeal from Circuit Court, Wood County.

Bill by George L. McKain against E. M. Mullen. Decree for plaintiff, and defendant appeals.

*Dismissed.*

F. P. MOATS and GEO. W. JOHNSON, for appellant.

F. H. McGREGOR, for appellee.

ROBINSON, JUDGE:

Mullen purchased real estate at a tax sale. The sale was made for a delinquency upon an assessment, in the name of the Little Kanawha Lumber Company, of a lot on Depot street, in the city of Parkersburg. The lot was not redeemed from this sale. After the expiration of the statutory period for redemption, Mullen received a deed for the lot from the county clerk. McKain, who had purchased, through McGraw, the title of the Little Kanawha Lumber Company to the lot in question, sought by suit in chancery to set aside Mullen's tax deed, for irregularities alleged. He had tendered to Mullen a proper amount for redemption before the institution of his suit. The tender was refused. In his bill he kept this tender good, brought the money into court, and it was deposited with the clerk. This suit resulted in a decree annulling the tax deed and directing the clerk to pay Mullen the amount necessary to reimburse him in the premises. Mullen accepted that amount, pursuant to the terms of the decree. He receipted to the clerk therefor. More than one year afterwards he applied for an appeal from the decree. The appeal was allowed him. The appellee, McKain, moved to dismiss the appeal, upon the ground, that, by the ac-

ceptance of the taxes, interest and charges, pursuant to the terms of the decree, Mullen acquiesced in the decree setting aside his tax deed, recognized the validity of that decree, and thereby waived his right to appeal from it. After this motion was made, Mullen sought to return the money to the clerk from whom he had accepted it. The clerk would not take it back. He then replied to the motion to dismiss, bringing the money into this Court. He insists that he has a right to make restitution of the money he accepted, and that his right of appeal is not affected in the premises.

The motion to dismiss the appeal is, of course, first in order. If that motion is well taken, we have nothing to do with the merits of the errors assigned and submitted for our consideration

Did Mullen lose his right to appeal? Clearly so, by reason and authority. The money he accepted represented what he had paid for the title declared void. It was tendered him by the decree as essential to the action of the court in setting aside the tax deed. Its tender to him was a substantial portion of the decree, made upon the equities arising between the parties. That portion of the decree was inseparably connected with the order annulling the tax title. And so inseparably was it connected therewith, that it could not be recognized by Mullen without his recognizing the decree annulling his tax deed. As the decree stood, it gave him benefit. True, it gave him not what he had sought in the litigation, but it gave him the fruits of the controversy that the court in equity and law deemed to be his. He voluntarily accepted these fruits, yet he seeks by appeal to destroy the rights under the decree belonging to the other party. He cannot have the one and deny the other. The acceptance of the taxes tendered and deposited was a recognition of McKain's title, and it is inconsistent with the prosecution of this appeal which attacks the title. The money was tendered, and later decreed to be paid, for the sole purpose of clearing that title of a claim to it. Therefore, the acceptance of the money, so tendered and decreed, plainly recognized the clearing away of the claim. Mullen had no right to the money, except as compensation for what he had paid out as a basis of his claim of title to the land. When he accepted the money he relinquished something for it. That which he relinquished was the claim that he was a valid tax purchaser. Surely he was not entitled

to both the lot and this money. He could claim only the one or the other. The claim of the one is totally inconsistent with any claim of the other. His acceptance of one can mean nothing but his release of the other. Any other view is at variance with reason and right. The clerk could pay him the money only for one purpose—to reimburse him for giving up his claim of title set aside by the decree. When he accepted the money he must have recognized this fact. And his acceptance can be taken to mean nothing but that he meant to be so reimbursed. He could not be so reimbursed without giving up his further claim of title upon the tax purchase. He knew that the money proffered him by the decree represented his relinquishment of this claim. When he accepted the money he also accepted that which it represented. He is bound by his act. It cannot be otherwise in conscience, reason or law.

"It is a general rule that a party who accepts the benefit of a judgment waives a right to prosecute an appeal from it." Elliott on App. Pro., sec. 150. This principle has been almost universally approved. 2 Cyc. 651; 2 Enc. Pl. and Pr. 174; *Paine* v. *Woolley,* 80 Ky. 568; *Dunham* v. *Randall,* 11 Tex. Civ. App. 265; *Tyler* v. *Shea,* 4 N. D. 377. Extensive notes of cases touching the subject are found in 13 Amer. Dec. 546; and in 45 Amer. St. Rep. 271. The rule does not apply "to cases where the appellant is shown to be so absolutely entitled to the sum collected upon the judgment that the reversal of it will not affect his right to it." 2 Cyc. 653; *Embry.* v. *Palmer,* 107 U. S. 8; *Reynes* v. *Dumont,* 130 U. S. 394. The case before us is plainly without the scope of this exception. Mullen's act in accepting the money decreed was wholly inconsistent with his appeal. He was not so absolutely entitled to the sum that a reversal would not affect his rights to it. A reversal, such as he seeks, would declare that he had no right whatever to the money which he received under the decree. "He stands thus in the attitude of holding the fruit of the judgment to which he may not be entitled if his appeal succeeds and yet persisting in his appeal. The trouble is that he cannot gain the right to recover more without incurring the hazard of recovering less." *Alexander* v. *Alexander,* 104 N. Y. 643. A party cannot avail himself of that part of a decree which is favorable to him, and accept its benefit, while prosecuting an appeal to reverse such por-

tion of the same decree as militates against him, when the acceptance of the benefit from the one part is inconsistent with the appeal from the other. *Moore* v. *Williams,* 29 Ill. App. 597; *Albright* v. *Oyster,* 60 Fed. 644; *Chase* v. *Driver,* 92 Fed. 780; *Webster-Glover Lumber & Mfg. Co.* v. *St. Croix Co.,* 71 Wis. 317. "The defendant could not proceed to enforce such portions as were in his favor, and appeal from those which were against him. The right to proceed on the judgment and enjoy its fruits, and the right of appeal were not concurrent; on the contrary, were totally inconsistent. An election to take one of these courses was, therefore, a renunciation of the other." *Bennett* v. *Van Syckel,* 18 N .Y. 481. So connected was the money with the order sought to be reversed that Mullen could not convert it to his use without acquiescing in the decree against him. "If a party to an action acquiesces in a judgment or order against him he thereby waives his right to have such judgment or order reviewed by an appellate court." 2 Cyc. 644. Nothing can be implied from Mullen's voluntary act in accepting, without reservation, what the decree gave him, but that he recognized the validity of the decree against him. "Any act on the part of a defendant by which he impliedly recognizes the validity of a judgment against him operates as a waiver of his right to appeal therefrom, or to bring error to reverse it." 2 Cyc. 654. "A person who does a positive act, which according to its natural import is so inconsistent with the enforcement of a right in his favor as to induce a reasonable belief that such right has been dispensed with, will be deemed to have waived it." 29 Am. & Eng. Enc. of Law (2d. Ed.) 1103. It is this principle of acquiescence and waiver which gives existence to the general rule we have quoted. True, the law favors appeal. The act of waiver must be clear and decisive. And it has been authoritively said that "no waiver or release of errors operating as a bar to the further prosecution of an appeal or writ of error can be implied except from conduct which is inconsistent with the claim of a right to reverse the judgment or decree, which it is sought to bring in review." *Embry* v. *Palmer,* 107 U. S. 8. This Court held at this term in *Shields* v. *Simonton,* 63 S. E. 972, that appellant's act did not amount to a waiver of appeal, because it was not inconsistent, under the circumstances presented, with a claim of right to reverse the decree.

In that case, the act itself had in its purview the continuance of the appeal. The force of the act was expressly contingent upon the result of the appeal. In the case now before us it is not so. No other import than that of waiver of right to reverse can be implied from Mullen's act in taking that which the decree gave him. It was his privilege to accept what the decree offered in redemption of the lot from his claim thereto. His acceptance of the offer consummated this redemption. This principle of waiver of right to appeal by an act, without reservation, clearly inconsistent with the right, is distinctly acknowledged in the dictum of Judge HAYMOND in *Kable* v. *Mitchell*, 9 W. Va. 520.

Mullen, when he was awarded his appeal, plainly had no right to it. Does his offer to make restitution avail him? We hold that it does not. Repayment cannot reinstate a right that he did not have. More than a year elapsed between his acceptance of the money decreed to him and his taking this appeal. During all that time he was enjoying what the decree had given —a return of the money he had invested in the claim of tax title. And during all that time, by his act, he was causing McKain to believe that all litigation affecting his lot by reason of the tax sale was at an end. Acting upon this belief, McKain had a right to treat the property as clear, to make improvements upon it, or to dispose of it without risk of further claim thereto by Mullen or depreciation in value of the lot. Shall we now change the situation that Mullen's own act brought forth? It would not be right to do so. Mullen, having elected to adopt a course of action, must be confined to it, so as not to prejudice McKain. He cannot in fairness revoke his acceptance of the money and his positively implied waiver of appeal. "A party waives an error when he goes by and proceeds in the case with other matters, so that it would be unjust or unfair to go back and take advantage of it." Powell on App. Pro., sec. 96. We assume that McKain relied upon the waiver, as he had a right to do. After the right of appeal had been lost to Mullen, then McKain had a vested right to his decree, free from review. No further right of appeal from the decree can be conferred. 7 Cur. Law 130. "In some decisions it has been intimated that a restitution of the money collected upon a judgment restores the right to appeal, or bring error; but in those jurisdictions

where the question has been directly passed upon it has been held otherwise." 2 Cyc. 654. "The appellant cannot revive his right of appeal, lost by acceptance of payment, by tendering the money received back to the appellee." 2 Enc. of Pl. and Pr. 177. Many cases that have considered this point so hold. Among them are, *Paine* v. *Woolley, supra; Dunham* v. *Randall, supra; Portland Con. Co.* v. *O'Neil,* 24 Or. 54; *Morgan* v. *Ladd,* 7 Ill. 414. "Payment produces a permanent and irrevocable discharge; after which the judgment cannot be restored by any subsequent agreement, nor kept on foot to cover new and distinct engagements." Freeman on Judgments, sec. 466.

The motion is sustained; the appeal will be dismissed.

*Dismissed.*