LYTLE INVESTMENT COMPANY, Appellant, v. J. A. McMORRIS, Appellee.

APPEAL AND ERROR: Estoppel by Taking Benefit of Decree. A litigant who, on one distinct cause of action, prays for several different kinds of relief, and is awarded a decree for *some* of the relief asked, and thereupon avails himself of the benefits of such granted relief, may not thereafter appeal from that part of the decree *denying* relief. So held where a landlord plaintiff, being granted an *injunction* against the unlawful use of premises by the tenant, availed himself of the findings therein as a basis for an action of forcible entry and detainer, and thereafter attempted to appeal from that part of the decree which denied his prayer for a *cancellation* of the lease. (Sec. 4113, Code, 1897.)

*Appeal from Woodbury District Court.*—GEORGE JEPSON, Judge.

NOVEMBER 23, 1920.

THE appellant appeals because the trial court did not give it all the relief it prayed. For one thing, appellee has interposed a motion to dismiss on the ground that appellant, having taken the benefit of the decree so far as it was in its favor, has no right to have it reviewed whether the parts of the decree not in its favor are erroneous.— *Affirmed.*

*John F. Joseph* and *E. J. Stason,* for appellant.

*Kass Brothers,* for appellee.

SALINGER, J.—I. The lease executed by McMorris to the appellant has provision (a) that, if the tenant uses the premises for "any (described) unlawful purposes," it shall work "an immediate forfeiture of this lease and all rights of the second party;" (b) that the tenant especially covenants that he will not permit the premises to create the nuisance defined by Section 2384 of the Code and Section 4944-a, Code Supplement, 1913; (c) that the tenant will not "permit or suffer to be used or exercised or carried on in said premises any noisy or offensive trade or business, or occupy or use or permit said premises to be used for any immoral or illegal purposes." Another agreement is that, even though there be no more than "a possible question as to whether said premises are being used for purposes herein prohibited," said first party may terminate this lease upon three days' written notice to quit, and that, thereupon, first party may, upon the expiration of the said three days' notice to quit, immediately bring an action of forcible entry and detainer for possession of said premises, without further notice to quit.

Plaintiff, the landlord, having come to entertain the

belief that these covenants had been breached, in that the tenant permitted the premises to be used for immoral purposes, filed his petition asserting that the defendant is holding contrary to the terms of said lease, "in that he has permitted the use of the premises for purposes illegal and unlawful and prohibited by the terms of the lease; that he has permitted the committing of a nuisance, as defined by the 'Red Light' law of the state, as found in Sec. 4944-a of the Code and Supplement thereof; that thereby he has forfeited all rights under the lease; that the plaintiff has caused a three-day notice to quit to be served; that defendant refuses to surrender possession, and plaintiff asks judgment for possession and a warrant for the removal of defendant."

By amendment to petition, there are set out the covenants in the lease to which we have already referred. It is alleged that defendant has knowingly violated the provisions of the lease, by permitting the premises to be used as a place of assignation, to be frequented by lewd persons, by renting the rooms to men and women who he knew intended to use them and would use them for lewd, unlawful, and immoral purposes; that he knew this at the time he entered into the lease; that such use of the premises has brought them to ill repute, has reduced and impaired the rental value of the property to the great loss and damage of plaintiff, for which loss he has no adequate remedy at law. The relief prayed is that the lease be canceled by decree, that plaintiff have judgment for amount of rent then due and unpaid, and that it have general equitable relief. In still another amendment, it is averred that, at the execution of the lease, plaintiff intended that the premises should be used for lawful purposes only; that defendant concealed from plaintiff his real purpose in procuring the lease, and at all times intended to use the premises as he has since persistently used them, against the protest of plaintiff, for the said unlawful purpose, and that the belief that they would not be so used induced plaintiff to execute the lease. Still another amend-

ment alleges that plaintiff believes defendant will continue
to use the premises in the same unlawful manner that he
has used them in the past; further, that defendant has
tendered all rent due under the terms of the lease.    This
time, the additional prayer is that defendant be perpetually
enjoined and restrained from permitting the occupancy
of any room of the premises by a man and woman who are
not husband and wife, or by anyone to use the same for
any lewd, unlawful, and immoral purpose whatsoever, and
for judgment for the amount of rent due.

The court declined to give any of the relief prayed, ex-
cept it decreed that "defendant be and he is hereby per-
petually enjoined and restrained from directly or indi-
rectly, either in person or by agent, servant, employee, or
any person, from permitting the use of any room or rooms
of the leased premises from being used for any lewd, un-
lawful, or immoral purpose whatsoever, and perpetually
enjoined from permitting any man or woman who are not
husband and wife from occupying or using, at the same
time, any room or rooms of the said premises for immoral
purposes, and perpetually enjoined from committing or
permitting a nuisance on the premises, as nuisance is de-
fined in Sections 2384 and 4944-a of the Code of Iowa and
the Supplements thereto."    And there is a judgment for
the amount of the unpaid rent.

II.    After the entry of the decree appealed from, the
appellant herein served notice to quit, and upon that notice
and upon the findings in the decree appealed from, brought
an action of forcible entry and detainer, prosecuted the
same as a law action, and the same was tried and deter-
mined adversely to it.    It used the finding in his favor
made in the instant suit as the basis for electing to pros-
ecute and prosecuting the forcible entry and detainer suit.
The motion to dismiss urges that this was a taking of
benefits under the decree, and that such taking bars the
prosecution of this appeal.

If appellant has waived its right to complain of the
refusal to grant it part of the relief it asked, many ques-

tions ably argued on both sides will need no consideration. There will be no need to pass upon whether the alleged secret intent of the lessor works a fraud for which equity might relieve; nor whether this case presents an exception to the rule that equity is loath to decree a forfeiture; nor whether this is a case wherein, though a statute forfeiture and a warrant of removal and being put in possession are asked, equity may not still proceed, because the lease will else remain a cloud on the title; nor whether the trial court was right in refusing cancellation and rescission on the ground that there was an adequate remedy at law. As said, all these questions become immaterial, if the right to appeal has been lost. But see *Byers v. Rodabaugh,* 17 Iowa 53; *Pratt v. Pond,* 87 Mass. 59; *Martin v. Graves,* 87 Mass. 601; 2 Story on Equity Jurisprudence (14th Ed.), Section 694; *Metler's Admrs. v. Metler,* 18 N. J. Eq. 270; *Hall v. Whiston,* 87 Mass. 126, at 130; *Eldridge v. Smith,* 34 Vt. 484; *Smith v. Griswold,* 95 Iowa 684.

## 2-a

It is true that, under Section 4113 of the Code, an appeal from part of an order, or from one of the judgments of a final adjudication, or from part of a judgment, is recognized; for it is provided that such appeal shall not disturb, delay, or affect the rights of any party to any judgment or order, or part of a judgment or order, not appealed from. It is further true that the like right is recognized by Section 4114, Code Supplement, 1913, because that demands the entertaining of appeal on a notice of appeal which recites an appeal from a judgment "or from some specific part thereof, defining such part." But it does not follow that, therefore, one may use the part he is not appealing from, and maintain an appeal from the other part. These statute provisions merely cover cases where, for any reason, a party does not care to make complaint and seek a reversal of parts of a judgment, but does care to complain of other parts. It may be the parts that

are not appealed are also adverse. It may be, of course, that, while parts not appealed from are favorable, that, pending decision of the appeal, the appealing party has taken no advantage of what is not appealed from, and has made no use thereof. Those situations are what these statutes have reference to. The appeal from part is to be heard if the appellant has done nothing affirmative with what he is satisfied with, and is not appealing from. *Thomas v. Negus*, 7 Ill. 700; *Cornell v. Donovan*, 14 Daly (N. Y.) 292; *McKain v. Mullen*, 65 W. Va. 558 (29 L. R. A. [N. S.] 1). If one desires to appeal from an order made in a litigation in which he is a party, he should accept no benefit under it; for he cannot do both. *Cogswell v. Colley*, 22 Wis. 399; *McKain v. Mullen*, 65 W. Va. 558 (29 L. R. A. [N. S.] 1, 9).

Of course, if what is not appealed from is distinct from the part that is, the appeal will not be barred. *Dudman v. Earl*, 49 Iowa 37; *Upton Mfg. Co. v. Huiske*, 69 Iowa 558; *Succession of Kaiser*, 48 La. Ann. 973 (20 So. 184); *Liles v. New Orleans Canal Co.*, 6 Rob. (La.) 273. *Per contra*, of course, if the parts be not distinct. *Bennett v. Van Syckel*, 18 N. Y. 481; and *Reiger v. Turley*, 151 Iowa 491, at 502. In the last-named case, there is said what makes it a fair claim that, in the case at bar, the part appealed from and the part not appealed from are not distinct, but interdependent and inseparably related. The *Reiger* case declares that where, after rendition of decree in district court, defendant ordered out writ for removal of plaintiff, and execution to collect an installment of rent under authority given by his decree, and said writ has been duly executed, then the decree quieting title in the defendant and awarding him a writ of possession is so blended or connected with the condition or provision which required him to repay the money received by him on the proposed sale of land that he cannot be permitted to enforce that part of the adjudication which is favorable to him, and at the same time prosecute an appeal from the remainder of the decree.

True, the rule invoked by appellee will not be applied,

if there be an absolute right to the part not appealed from. But can it be said, in the light of the holding of the *Reiger* case and in other cases, that we have before us such case of absolute right? We do not have a case where, say, suit is brought on two notes, the right to recover on one is not disputed, and judgment upon that note is not appealed from, while a refusal to give judgment on the second note is appealed from. In the supposed case, the appellant cannot be barred by collecting the judgment on the first note. The taking what is confessedly due on the first cannot well bar a complaint of a refusal to give judgment on the second note. Here, the right to have injunction was contested. To be sure, the defendant has not appealed from the granting of the injunction. But he did, in a later suit instituted by plaintiff, challenge the rightfulness of the injunction. And in that later suit, he succeeded in getting a holding, also not appealed from, that the injunction should never have been granted. In one word, this case is not within the rule that governs where nothing is involved but a conceded right. Moreover, it is not absolutely clear that, on the very appeal we have, it might not result, of necessity, that the injunction would be vacated. It would come close to reaching such a result if we should hold on this appeal that the lease should not be canceled, either because there was an adequate remedy at law or because appellee had not broken any condition of the lease. If this appeal, then, is entertained, it might happen that we would be permitting an appellant who has taken the benefits of part of a decree to have that decree set aside. That is something which is never permitted. *Reichelt v. Seal,* 76 Iowa 275, at 276; *McKain v. Mullen,* 65 W. Va. 558 (29 L. R. A. [N. S.] 1).

III.   We now reach the concrete case. This appellant obtained from the trial court a decree enjoining the defendant, which decree could not have been entered unless it were found that defendant had breached the covenants of his lease, as charged. True, the court refused to cancel the lease. But none the less it made said finding. There-

upon, this appellant began an action in forcible entry and
detainer, wherein he asked the court to eject the defendant
and put plaintiff in possession, because, for one thing, the
granting of the injunction aforesaid had settled that such
relief was due because the tenant had broken the condi-
tions of the lease. It does not matter that the court trying
the forcible entry and detainer case declined to give this
appellant the benefit of this claim. The fact remains that
the decree obtained was made use of in an attempt to get
the relief asked in the second suit. It seems to us to be
undeniable that this constitutes a taking of benefits under
the decree now appealed from,' and that, after the appel-
lant has made use of the said decree in so far as it suited
his interest to do so, he is now asking us to review whether
the court rightly refused to give appellant something in
addition to that part of the decree which appellant has so
made use of. The plainest principles of the law of estoppel
by inconsistent conduct constrain us not to entertain this
appeal. *McKain v. Mullen,* 65 W. Va. 558 (29 L. R. A.
[N. S.] 1, 4, 9, 11) ; *Harper v. Foster,* (Tex.) 40 S. W. 40.
The same cases hold that the conduct of this appellant
works an estoppel by acquiescence. Nor need we stop with
these general principles, nor with the statement that the
right to accept the fruits of a judgment and the right to
appeal therefrom are not concurrent, are totally inconsist-
ent, and work an election by which the taking of the one
course is a renunciation of the right to appeal, for which
proposition the affirmances are so numerous that citation
is impracticable.

In our opinion, the precise point is quite fully ruled
in authority. In *McKain v. Mullen,* 65 W. Va. 558 (29 L.
R. A. [N. S.] 1, 4), and in *Stinson v. O'Neal,* 32 La. Ann.
947, it was held that a court cannot tolerate the preten-
sions of a litigant to reap the benefits of a judgment in
its favorable features, and to ask in the same breath the
reversal of such judgment in other respects in which it is
unfavorable to him. It was said in *Smith v. Jack,* 2 Watts
& S. (Pa.) 101, and *Hall v. Lacy,* 37 Pa. 366, that a plain-

tiff in ejectment who recovers only a portion of the land claimed, waives his right to prosecute a writ of error from such judgment by suing out a *fieri facias,* and collecting the costs from his adversary. In *Root v. Heil,* 78 Iowa 436, the plaintiff obtained a decree enjoining defendant from maintaining a liquor nuisance. He was awarded an attorney fee. He appealed on the ground that the court erred in not finding that defendant was keeping a place in which to sell intoxicating liquors in violation of law, and in not ordering the building to be closed, and the seizure and sale of movable property. And we held that, having accepted the attorney fee, this appeal could not be maintained, because a party cannot be allowed to accept the benefits of a judgment so far as favorable to him, and at the same time prosecute an appeal from other portions of it.

All that is held in *Denecke v. Miller,* 142 Iowa 486, at 493, cited by appellant, is that the bringing of an action in forcible entry and detainer does not, where it does not go to judgment, work such an election as will prevent the plaintiff from amending his petition so as to convert this suit into one of recovery of real property. This is irrelevant to any issue on this appeal.—*Affirmed.*

WEAVER, C. J., EVANS and PRESTON, JJ., concur.