REICHELT ·V. SEAL *et al.*

1. **Appeal:** WAIVER BY ENFORCING JUDGMENT APPEALED FROM. A party cannot enforce a judgment from which he has appealed, and at the same time maintain an appeal to set it aside. (See cases cited in opinion.)

2. **Mortgage:** PLEA OF NON-ACCEPTANCE : ESTOPPEL. Where money was borrowed with the understanding that it should be used to purchase real estate, and that it should be conveyed to the lender as security for the loan, and it was so conveyed in part, but not in a manner entirely satisfactory to him, and he at the time objected to the deed, but afterwards demanded and assented to it, *held* that the borrower could not afterwards object to the conveyance on the ground that it was never accepted.

*Appeal from Appanoose District Court.*—HON. DELL STUART, Judge.

FILED, DECEMBER 20, 1888.

ACTION to foreclose two equitable mortgages securing a promissory note executed by defendants. By the decree, after trial on the merits, the relief prayed for, as against G. G. Seal, was granted, but refused as to the other defendant. The defendant G. G. Seal and plaintiff both appeal.

*T. M. Fee*, for plaintiff.

*George D. Porter*, for defendants.

BECK, J.—I. The plaintiff alleges in his petition that he loaned to defendants six hundred dollars, for which they executed to him their promissory note. To secure this note defendants caused the title of certain town lots to be conveyed to plaintiff, and delivered to him a promissory note for six hundred and eighty dollars, made by Mrs. Doom, and secured by a mortgage executed by her trustee. The defendants afterwards bought the property mortgaged, and in part payment gave

the note pledged to plaintiff, which they induced plaintiff to surrender by agreeing to give a mortgage on the property to plaintiff. But the defendants, not complying with this agreement, caused the property to be conveyed to plaintiff and Lucinda, one of the defendants, and the wife of her co-defendant. The deed was intended as a security and not as an absolute conveyance. The plaintiff thus held two absolute deeds of separate parcels of land as security for the note. He seeks in this action to foreclose these equitable mortgages, and to recover judgment against both of the defendants. The defendants deny that the wife executed the note, and allege that the deeds were never delivered to plaintiff, and were repudiated by him. Defendants also set up a counter-claim in their answer. By the decree of the court below judgment was entered against the husband for the amount due on the note, and the deeds were declared to be mortgages, and a proper decree of foreclosure thereof was entered. The court, it appears, found that the wife did not execute the note, but that she united with her husband in causing the lots to be conveyed to plaintiff by the two deeds. Both parties appeal. Defendants' abstract sets up their appeal. By an amended abstract plaintiff shows his appeal. Defendants, in reply to this amended abstract, present a copy of an execution, and the return thereon, showing that the lots mortgaged have been sold upon execution, and purchased at such sale by plaintiff for about the sum due on the judgment.

II. Upon this showing defendants insist that, as plaintiff has, by the enforcement of the decree of which

1. APPEAL: waiver by enforcing judgment appealed from.

he complains on his appeal, received the benefits thereof, he cannot prosecute his appeal, but will be held to have waived or abandoned it. We think this position is well taken. The plaintiff cannot enforce the judgment of which he complains, and at the same time cause it to be set aside, and a new judgment to be entered. It is very plain that unjust and unnecessary costs and expenses would result from such proceedings. Our

Reichelt v. Seal.

conclusion is supported by the following cases : *County of Buena Vista v. Iowa Falls & S. C. Ry. Co.*, 55 Iowa, 157 ; *Ind. Dist. of Altoona v. Dist. Tp. of Delaware,* 44 Iowa, 201 ; *Borgalthous v. Ins. Co.*, 36 Iowa, 250 ; *Miss. & Mo. Ry. Co. v. Byington*, 14 Iowa, 575.

III.   In view of the fact that plaintiff is presumed to have waived his appeal, we are not called upon to determine the liability of the wife on the promissory note.   Of the husband's liability there can be no doubt.   Indeed, the answer admits that he executed the note.   It is clearly shown that it was given for money loaned by plaintiff to defendants.

IV.   But it is insisted that the deeds executed to plaintiff as security were not accepted by him, but were repudiated.   As the evidence clearly shows, 2. Mortgage: plea of non-acceptance : estoppel. the deeds were intended by defendants as security for the money loaned them.   It appears that they were not made in accordance with the agreement of the parties, and plaintiff objected to one of them especially on this ground.   But he afterwards assented to the deed, and demanded it.   There can be no doubt that the money borrowed of plaintiff was used in the acquisition of the Doom property, with the knowledge and assent of both defendants, and an arrangement was made by the parties that the debt should be secured by a lien on that property and the other property.   The wife cannot now, after the money has been used with her knowledge for her own benefit, under an agreement to secure it upon the property, deny the validity of the deeds intended as mortgages.   She does not stand in the place of an innocent person whose rights are invaded, but is one for whose benefit the money was borrowed and the security agreed to be given.   Surely, after the security is given, she cannot object to its validity on any ground.   For these reasons we think the court below rightly enforced the security held by the plaintiff under the deeds.   The evidence fails to support the counterclaim pleaded by defendants.   It is our opinion that the decree ought to be, on both appeals,

AFFIRMED.