# CHARLESTON

## BRIGHT *et al.* v. MOLLOHAN *et al.*

Submitted September 29, 1914.   Decided October 13, 1914.

1. ELECTION OF REMEDIES—*Necessity.*
   A litigant can not pursue to judgment or decree two different remedies for his demand. (p. 117).

2. SAME—*What Constitutes.*
   The prosecution of one remedial right to judgment or decree, whether the judgment or decree is for or against the party so prosecuting, is a decisive act which constitutes an election, barring the party from the subsequent prosecution of inconsistent remedial right. (p. 118).

3. APPEAL AND ERROR—*When Lies—Acceptance of Benefits.*
   A party availing himself of a decree as far as favorable to him can not appeal from the decree wherein it is not favorable to him if his acceptance of the benefit on the one hand is totally inconsistent with appeal on the other. (p. 119).

Appeal from Circuit Court, Braxton County.

Bill by Amos Bright and others against C. E. Mollohan and others. · Decree for plaintiff, and J. P. Thompson appeals.

*Dismissed.*

*Haymond & Fox,* for appellant.

*Hines & Kelly* and *Hall Bros.,* for appellees.

ROBINSON, JUDGE:

Thompson claimed a commission from Bright and others for making sale of a tract of timber. Mollohan claimed that he made the sale and that the commission was due to him. Each claimed under a separate and distinct contract with the vendors of the timber. Mollohan sued the vendors, Bright and the others, in assumpsit for the money he claimed. Thompson also, ten days later, sued them in assumpsit on his contract.

Thereafter Bright and the others brought the suit that is now before us, praying that prosecution of the two actions so instituted against them be enjoined, and that Thompson and

Mollohan be required to interplead in relation to their re- spective claims for the commission. The injunction was preliminarily awarded, stopping the actions at law.

Mollohan, by demurrer and answer, resisted the right of Bright and the others to maintain the suit for an injunction and interpleader. Thompson answered the bill briefly, denying Mollohan's right to the commission, and asking that he have decree for the commission arising from the sale. The cause proceeded to a hearing, at which the injunction was dissolved and the bill dismissed.

The injunction being out of the way, Thompson continued the prosecution of his action at law, with the result that he failed therein, and judgment was rendered for the defendants. Mollohan also prosecuted his action, to verdict and judgment against the defendants, on his claim. A writ of error sought by Thompson, to the judgment in his action, was refused. And as to Mollohan's judgment, a writ of error sought by the defendants in the action, was refused.

After all this, the year in which an appeal to this court may be taken not having expired, Thompson obtained an appeal in the injunction and interpleader suit. That appeal is now reached for our consideration. Mollohan moves to dismiss the appeal. Upon the showing which he makes, we are of opinion that his motion must be sustained. No other matter is therefore open for our attention.

That Thompson can not maintain the appeal after having elected to rely on his action at law, seems clear. The principle here applicable frequently arises for application, is well understood, and is of just and practical import. A litigant can not pursue to judgment or decree two different remedies for his demand. To intertain the appeal in the injunction and interpleader suit would be to allow Thompson further to litigate that which, by his own election, has been determined and finally foreclosed in his action at law. In that action he could not get an appeal. Certainly, by appealing the equity suit, he can not effect or change the judgment against him in the action. That judgment settles the fact that he is not entitled on his claim. Can we in the face of that settled adjudication allow him further to litigate the very matter

thereby foreclosed? Wherein, or by what rule, does the appeal in the equity suit bring up for review the judgment in the action at law? Suppose we were to reverse the decree dissolving the injunction and dismissing the suit for interpleader, it would not take the judgment at law, standing against Thompson on his claim, out of the way. Moreover, it would be absolutely inconsistent with the force of that judgment. If Thompson preferred to stand on his claim in the equity suit, he should have appealed from the decree therein promptly and refrained from proceeding further in his action at law. He can not elect to try one remedy, and, totally failing in it on the merits, then go back to try the remedy that he abandoned in order to pursue the former. He chose a course that has established that he has no claim to which the suit for interpleader can relate. It is said that the bill for interpleader was an admission by the plaintiffs therein that Thompson had right. No, the bill only admitted that the commission was due either to Thompson or to Mollohan. The alternative phase of that admission, by Thompson's own prosecution, was settled against him. By his own insistence upon the law action it was found that Bright and the others owed him nothing. What remains then to be involved in the equity suit?

Whether Thompson was prejudiced by the decree of which he complains we are not, as the case stands, called upon to say. When the decree was entered, though prejudiced thereby, he had two remedies open to him. One was to appeal from the decree, standing on such ground as he had in the equity suit; the other was to take up again the remedy by his action at law which he had first selected. He could have chosen the remedy by appeal and prosecuted the same to a finality; but he did not. He chose the remedy by the action at law and pursued it to a finality. He made a choice of two concurrent remedies for his single demand. The prosecution of one remedial right to judgment or decree, whether the judgment or decree is for or against the party so prosecuting, is a decisive act which constitutes an election, barring the party from the subsequent prosecution of inconsistent remedial right.

4 Enc. Dig. Va & W. Va. Rep. 924; 17 Cyc. 259; 7 Enc. Pl. & Pr. 364.

Another principle pertains here. The decree of which Thompson complains, gave him an advantage. It put the injunction out of the way and allowed him to prosecute and rely upon his claim in the action at law. Failing in the use of that advantage, he now seeks to complain of the decree. The acceptance by him of the course that he pursued and the attendant result of that course, are so inconsistent with an appeal from the decree that it cannot be allowed. Here in principle is applicable what we said in another case: "One cannot avail himself of that part of a decree which is favorable to him, accept its benefit, and then prosecute an appeal to reverse such portion of the same decree as militates against him, when acceptance of the benefit from the one part is totally inconsistent with the appeal from the other." *McKain* v. *Mullen*, 65 W. Va. 558.

An order will be entered dismissing the appeal.

*Dismissed.*