# CHARLESTON.

LLOYD P. SOUDERS v. GEORGE P. LEATHERBURY *et als.*

Submitted June 6, 1924.   Decided July 1, 1924.
Rehearing denied December 2, 1924.

1.   MORTGAGES—*Beneficiary in Deed of Trust Must Plead Bona Fide Purchase to Assert Superior Trust Lien.*

   The beneficiary in a deed of trust who seeks to assert or defend his trust lien as superior to some outstanding unrecorded equity or lien claimed against the trust property, on the ground that he is a purchaser for value without notice of the outstanding lien or equity, must, by proper pleading, aver that he is a purchaser for value without notice of the hostile claim, in order that his evidence may be heard.   (p. 32).

2.   SAME—*Deed of Trust Creditors Held "Purchasers for Value" to Extent of Debts.*

   Creditors secured by deed of trust on the debtor's property are purchasers for value to the extent of their debts secured, within the meaning of the recordation statute, and the trust deed lien is superior to an unrecorded equity or lien of which the trustee or *cestui que trust* had no notice at the time the trust deed was executed and recorded.   (p. 32).

3.   SAME—*Trust Deed Prima Facie What it Imports to be and Needs no Proof of Validity Until Challenged.*

   Such trust deed lienors are not required to plead and prove that they are purchasers for value of the trust property without notice of an outstanding equity or unrecorded lien, unless such equity or unrecorded lien be asserted as a superior equity or lien by some proper pleading. A trust deed is *prima facie* what it imports to be and needs no proof of its validity until challenged.   (p. 32).

4. APPEAL AND ERROR—*Acceptance of Benefits Under Decree Precludes Appeal From Portions Hostile to Appellant.*

Where the portions of a decree are such that acceptance of the benefits therefrom is inconsistent with alleged invalidity in the other portions, the litigant who accepts benefits is estopped from appealing from the alleged invalid portions unless it is clear that he is entitled to the benefits received, regardless of a reversal or affirmance of the alleged erroneous portions of the decree. Generally, acceptance of benefits under a decree will preclude an appeal from portions thereof hostile to the appellant, if a reversal of the hostile parts will not place the parties in *statu quo.* (p. 35).

Appeal from Circuit Court, Harrison County.

Suit by Lloyd P. Souders against George P. Leatherbury and others, and the Farmers' Bank of Clarksburg. From decrees for plaintiff, the defendant last named appeals.

*Affirmed.*

*Harvey W. Harmer,* for appellant.

*Steptoe & Johnson, Leo. P. Caulfield,* and *James M. Guiher,* for appellee.

LIVELY, JUDGE:

This appeal presents a question of priority of liens against Lot 15 in the city of Clarksburg, owned by Leatherbury, a common debtor of appellant and appellee. Whether the bank is estopped from prosecuting the appeal is also involved.

The Farmers' Bank of Clarksburg, appellant, appeals from two decrees, the first of which was entered October 16, 1922, which adjudged and decreed the judgment lien of Souders, the appellee, as superior in dignity and priority over the deed of trust of appellant, on Lot 15, belonging to Leatherbury; and the other decree pronounced January 29, 1923, directed the commissioners who sold the lot to pay the proceeds to the lienors in their dignity and priority as fixed by the decree of October 16, 1922. Appellant asserts that its trust deed lien is superior in priority to that of appellee's judgment lien; while appellee claims that its judgment, although unrecorded, is superior to the Bank's deed of trust lien. He admits that if the Bank is a purchaser for value without

notice, then its lien is superior under the recordation laws, chap. 139, sec. 6, Code, which says: ''No judgment shall be a lien on real estate as against a purchaser thereof for valuable consideration without notice, unless it be docketed according to the third and fourth sections of this chapter, in the county wherein such real estate is, before a deed therefor to said purchaser is delivered for record to the clerk of the county court.'' But he contends that the Bank is not a purchaser for value without notice of his judgment lien against Leatherbury; basing his contention on the fact that the Bank did not plead the defense of bona fide purchaser for value, and therefore could not introduce evidence to prove a defense which it did not plead. To sustain this proposition he cites: *Bowlby* v. *DeWitt*, 47 W. Va. 323; *Smith* v. *Co-op. Assn.*, 48 W. Va. 232; *Lohr* v. *George*, 65 W. Va. 241; *Cassiday* v. *Terry*, 69 W. Va. 572; *Diehl* v. *Middle States Co.*, 72 W. Va. 74; *Simmons* v. *Simmons*, 85 W. Va. 25; *Rorer Iron Co.* v. *Trout*, 83 Va. 397; 27 R. C. L. pp. 737, 739. The Bank says its deed of trust became a lien from the date of its recordation; that it was a purchaser for value to the extent of its debt secured within the meaning of the recordation statute and relies upon: *Marshall* v. *McDermitt*, 79 W. Va. 245; *Weinberg* v. *Rempe*, 15 W. Va. 831; *Duncan* v. *Custard*, 24 W. Va. 730; *Gilbert Bros.* v. *Lawrence Bros.*, 56 W. Va. 281; *Wicham* v. *Martin*, 13 Gratt., 427; *Evans* v. *Greenhow*, 15 Gratt. 153.

Plaintiff's bill is an ordinary creditors' bill filed on behalf of plaintiff and all other lien creditors, and sets up the Bank's deed of trust, dated September 3d, acknowledged September 6th and recorded September 7th, 1921, to secure payment of a note of $700, to the Bank. It sets up plaintiff's judgment for $806.91 and costs, recovered on September 30, 1921, at a term of court which began on September 6, 1921, on which day the notice of motion for judgment was returnable. The Bank and other lien creditors whose liens are set up are made parties. The prayer is to ascertain the liens in their dignities and priorities, and for decree of sale in satisfaction thereof. The Bank and other lien creditors answered. The Bank set up its deed of trust, admitting the allegation of the bill that its trust-deed was a lien, and averred that the debt secured thereby was due and unpaid, and joined in the

prayer of the bill. A reference was had, and a commissioner's report filed on October 16, 1922, fixed the plaintiff's judgment lien as prior to the Bank's trust deed lien, exceptions of the Bank to the report, on that ground, were overruled, and a decree entered confirming the report and decreeing sale by commissioners. A sale was made of Lot 15, the Bank becoming the purchaser for the sum of $11,600, and on January 29, 1923, the sale was confirmed, writ of possession authorized to be issued to the purchaser, and the proceeds of sale directed to be paid to the lienors in the order formerly decreed. The Bank obtained a suspension of the decree for the purpose of applying for an appeal therefrom. The proceeds of sale to the Bank after paying prior liens, including Souders' judgment and costs, failed to discharge the Bank's debt by about $700. An affidavit filed in this court, and not denied, says that after confirmation of sale, the Bank took possession of the property and has remained in possession ever since, renting it at $75 per month, and has at all times appropriated to its own use the issues and profits therefrom, and upon information of affiant has offered the property for sale. Appellee insists that the Bank is estopped from prosecuting an attack upon either of the decrees by appeal, and therefore that the appeal should be dismissed. To this contention appellant has made no reply. In argument it was said that the decree of confirmation is not sought to be set aside in whole, but only that portion which directs the proceeds to be distributed as theretofore decreed, and such is the substance of the petition for appeal. Appellant asks that the decree of October 16, 1922, in so far as it overrules its exceptions to the master commissioner's report, and gives priority to Souders' judgment lien; and that part of the decree of January 29, 1923, above set out, be reversed. Logically, the right to prosecute the appeal to the decree is first for consideration; for if appellant is estopped from attacking the alleged defects in the decrees, it will be of no practical use to pass upon those defects. However, in passing, we might say that the allegations of the bill make no suggestion that Souders' lien is prior or superior to the Bank's trust deed lien. No intimation is found that such an issue is or will be raised. The Bank, while a nominal de-

fendant, is in reality a plaintiff seeking the same relief asked for by the bill. When a deed is set up in a judicial proceeding and its validity is not questioned by any pleading in the cause, no good reason is perceived why the grantee should be required to plead and prove its validity to sustain his part of an issue in anticipation that such issue might be later raised. A deed, good on its face, speaks its own validity; and a trust deed is of no less dignity in the solemnity, good faith and *bona fides* of its execution and purpose. The rule of pleading, which requires a purchaser, when put on defense, and desiring to protect himself from a prior equity on the property purchased on the ground that he is an innocent purchaser for value without notice, that he must then not only plead fully that defense but must prove it, applies where the owner of the outstanding equity or unrecorded lien against the property conveyed, is seeking to assert that equity or unrecorded lien as superior to defendant's conveyance. Then he must plead and prove his defense, but first he must be put to that defense. And of course the rule applies where the person claiming to be a purchaser for value without notice, comes into the suit to defeat some prior equity or unrecorded lien there set up and sought to be enforced to the detriment of his purchase. He then has the laboring oar, and must plead and prove the necessary facts which make him a purchaser for value without notice.

An analysis of the cases cited by appellee, above set out, to sustain the proposition that if a grantee in a deed or deed of trust makes defense that he is a purchaser without notice for value in order to defeat a prior equity on the land, he must fully plead before he can prove that defense, will sustain the conclusions here reached. We said in the sixth point of the syllabus in *Marshall* v. *McDermitt*, 79 W. Va. 245:

> "Unless the contrary is charged, and, if denied, proved, it will be assumed that trustees and creditors secured by the trust are purchasers without notice of any pre-existent equities."

We perceive no good reason to criticise or reverse that holding.

We revert to the preliminary question: Is the Bank estopped from prosecuting appeal from either decree? It is

quite generally held that a party to a suit cannot secure or accept benefits from a decree, and then attack the validity of the decree for errors. He cannot, as a general rule, take benefits under the decree and prosecute an appeal to reverse other parts of the decree which are not in his favor when acceptance of the benefits is totally inconsistent with the appeal. *Bright* v. *Mollohan,* 75 W. Va. 116; *McKain* v. *Mullins,* 65 W. Va. 558; *Howery* v. *Helms,* 20 Grat. 1; *Albright* v. *Oyster,* 60 Fed. 644, 9 C. C. A. 173; 2 R. C. L. pp. 61, 63. An exception to the rule allows an appeal where reversal of the decree cannot affect the right to the benefit derived from it. It is true that if that portion of the decree which directs the distribution of the proceeds of sale as beforetime decreed should be reversed only, the right to the property would not be affected. But by that decree has not the Bank received a benefit which it will retain, and which in good conscience it should not retain, if the distribution be made as ordered? Souders was not concerned to bid upon the property in order to protect his own debt. The Bank, by permitting the decree fixing the priority of liens to remain unquestioned with no intimation of challenge by appeal, no suspension asked for in order to obtain an appeal, lulled Souders into apparent security and the Bank was benefited in purchasing the property by thus eliminating him as a possible competition bidder. It is a cardinal rule that real estate should not be sold to satisy liens thereon until they are adjudicated in the order of their dignity and priority, in order that those having liens thereon may intelligently bid so as to secure payment of their liens. Their liens were so adjudicated, and the sale made with that situation in view. After the sale is thus made, to change the order of the liens without setting aside the whole decree of confirmation would manifestly deprive Souders of a substantial right to protect his lien by making the property sell for a higher price, and give to the purchaser the corresponding benefit of eliminating him as a competitive bidder. If there was error in the decree ascertaining the liens in their order and subsequent sale be erroneous for that reason, the title of the Bank would not be protected under sec. 6 of chap. 132. The Bank was a party to the suit and prayed for a sale. *Dunfee* v. *Childs,* 45 W. Va. 155. Moreover, the Bank, not-

withstanding its avowed intention to appeal from the decree of confirmation, has, under that decree, taken possession of the property, treated it as its own, and received the benefits therefrom. It was suggested in conference that Souders was presumed to know that an appeal might be taken from the decree of October 16th (which fixed the order of liens) within eight months, and should have made the property bring sufficient at the sale to protect his lien in the event of a successful termination in favor of the Bank, if it pursued its right of appeal within the time allowed for appeal. Should he have done so, there would have been no necessity for appeal. Both liens would have been discharged, and the question of priority rendered academic. Under the circumstances could the Bank wait until the property was sold, buy it in, and then appeal, with consistency? It might have done so with propriety if it had not purchased. "A person who does a positive act, which according to its natural import is so inconsistent with the performance of a right in his favor, as to evidence a reasonable belief that such right has been dispensed with, will be deemed to have waived it." 29 Am. & Eng. Ency. Law (2nd ed.) 1103. The benefits which it will receive by a reversal of that part which militates against it are so inconsistent as to preclude a reversal in part. "A party cannot avail himself of that portion of a decree which is favorable to him and secure its fruits while prosecuting an appeal to reverse in the appellate court such portions as militate against him. The only exceptions to the rule are, where the parts of the judgment or decree are separate and independent, and the receipt of a benefit from one part is not inconsistent with an appeal from the other; or where the right to the benefit is conceded by the opposite party, so that it could not be denied should the other portions of the decree granting it be reversed." *Carpenter* v. *Camp Mfg. Co.,* 112 Va. 88. A partial reversal of the decree of confirmation would not put the parties in *statu quo*. A complete reversal would do so. Appellant does not want the whole decree reversed. A reversal in part cannot be granted. We conclude that the Bank is estopped from prosecuting this appeal to reverse in part, and the decrees will be affirmed.

*Affirmed.*