PEOPLES SAVINGS BANK OF AVOCA et al., Appellees, v. MICHAEL McCARTHY, Defendant, et al., Appellants.

No. 40116.

JUNE 23, 1930.

REHEARING DENIED OCTOBER 23, 1930.

*Addison G. Kistle* and *Robertson & Robertson,* for appellants.

*John Fletcher,* Attorney-general, *Turner & Turner,* and *Tinley, Mitchell, Ross & Mitchell,* for appellees.

FAVILLE, J.—The pleadings are unnecessarily voluminous, cumbersome, and involved. In an attempt to untangle them, we shall state a few of the more important facts, omitting those not pertinent to the present inquiry.

One Dennis McCarthy died intestate, seized of certain real estate and possessed of certain personal property. He was survived by his widow and seven children. A son, Michael, operated the decedent's farm after the death of Dennis. Michael executed a chattel mortgage to the plaintiff bank on property owned by decedent. On November 13, 1925, the plaintiff began its action in equity to foreclose said chattel mortgage, and procured a writ of attachment to issue, and caused the same to be levied on said mortgaged property. On November 21, 1925, the widow and

two daughters of said Dennis filed a petition of intervention in said action, alleging their ownership of a portion of the property covered by said chattel mortgage and held under said attachment, and praying that said property, or the proceeds thereof, if sold, be ordered turned over to the true owners thereof in the proportion in which they owned the same. Later, other heirs of Dennis's joined in the intervention.

On December 3, 1925, the plaintiff filed its answer to said petition of intervention, wherein plaintiff pleaded that the interveners were estopped by their conduct to assert their claim to said property. Numerous other pleadings were filed thereafter.

Finally, on January 20, 1926, the cause came on for hearing, and a decree was entered in favor of the plaintiff, which adjudged that the interveners were estopped to assert their ownership in and to said property. An appeal was taken to this court from said decree, and the cause was reversed. In the opinion in said cause (206 Iowa 28), we said:

"The evidence shows that a very substantial part at least of the property described in the $10,000 chattel mortgage had been sold, from time to time, and the proceeds delivered to the plaintiff bank. We have not before us the return of the sheriff who levied this attachment, or an inventory of the property taken thereunder, and are, therefore, not in a position to determine what the specific articles are, and not in a position to make any judgment entry herein as to the specific property. The evidence shows that, after the real estate mortgages were foreclosed and the property sold, the plaintiff bank used some $570 of the money which was the proceeds of the $4,000 chattel mortgage, to pay interest on a first mortgage on the land sold. This it had no right to do, and the district court should take this into consideration in entering final judgment herein. No question is raised herein as to the inconsistency of attaching this property as against the mortgages. The case will, therefore, be remanded to the district court for the determination of these matters, and for judgment in accordance with this opinion."

Procedendo was duly issued.

On June 7, 1928, the interveners filed a supplemental petition of intervention, and therein prayed that an account be taken by the court of the funds coming into the hands of plaintiff bank

under the execution sale ordered in the original decree, and that interveners have judgment against the bank by way of restitution for the same. On September 25, 1928, the plaintiff filed its motion to strike the entire supplemental petition of the interveners, and, subject to a ruling on said motion, to strike Paragraphs 9 and 10 thereof. On October 1, 1928, the matter came on for hearing, and the court entered an order and decree finding that the interveners were entitled to an order of restitution and judgment against the plaintiff for the total sum of $7,754.53 for the property sold and appropriated, together with interest. The decree recites: "The interveners agreeing that a joint judgment be entered for the total sum of $7,754.53." Judgment was entered in favor of the interveners and against the plaintiff for said sum, which apparently has been paid in full.

It was further ordered at said time that the cause proceed to further trial at a later time upon the claim of the interveners for the proceeds of the sale of the personal property that had been sold *prior* to the special execution, as set forth in said Paragraphs 9 and 10 of the supplemental petition, adjudication as to said claim being expressly reserved.

The motion to strike said Paragraphs 9 and 10 of the supplemental petition was taken under advisement. On December 11, 1928, the motion to strike said Paragraphs 9 and 10 was overruled. On February 4, 1929, the plaintiff filed a demurrer to the supplemental petition of the interveners, on the ground that the matters therein alleged were not germane to the original petition of intervention. On February 9, 1929, the interveners filed a motion to strike said demurrer. On June 5, 1929, the plaintiff filed its answer to the supplemental petition of intervention, subject to the ruling on the demurrer then on file.

In this state of the record, the matter came on for hearing on June 5, 1929. At that time new counsel appeared for the interveners, and, as we gather from the record, said counsel then made an oral motion to set aside the order of October 1, 1928, or to modify the same, and claimed therein that interveners were not bound by said order and decree as to the amount of recovery or restitution, but were entitled to the reasonable value of the property in question, rather than the amount for which it had been sold. Objection was made of record to the said motion of interveners. A "counter resistance" was made by interveners.

The court ruled upon said matter, and in so doing, reviewed the situation respecting the former trial and decree, as follows:

"There were two matters urged upon the court: First, the repayment or restitution to the defendants and interveners of their share, amounting to seventeen twenty-firsts of the property which had been levied upon and sold under special execution by the sheriff at a sheriff's sale; and the second matter, the claim of the defendants and interveners of the plaintiff of their share of the property which had been sold by some of the McCarthys and paid to the bank prior to the time of the levy, which was claimed to be covered by the chattel mortgage. Several conferences were held in the court room, and at that time the decision was gone over, the matter of the supplemental petition of intervention was gone over and discussed in open court, and at some or most of these meetings, the defendant and interveners were present, conferring with their attorneys; that the court stated at that time that, as long as there was no dispute as to the amount of the property which had been sold under the sheriff's sale, that no good reason appeared to the court why the restitution should not be made of that particular property. At that time it was stated in open court that there had been conferences between the attorneys for the plaintiff and attorneys for the defendants and interveners, and that there was no dispute as to the value of the property which had been sold under the sheriff's attachment or execution; that the statement was made in court in the presence of the interveners and defendants that the defendants and interveners were willing to accept the values as the correct values which were received at the sheriff's sale; that, after several conferences, the decree of October the first, 1928, was prepared, and in its preparation the attorneys for both sides participated, and it was presented in open court, with all the attorneys present, and gone over by the court in the presence of the attorneys, and was signed at that time; and while the court has not made an examination of the record, he has been informed by the parties that the money, the sum charged to be due by way of restitution, has been paid, has been accepted by the defendants and interveners, and that said sum has not been repaid."

The motion of interveners was overruled.

The cause then proceeded to final hearing, and on June 29, 1929, decree was entered. The decree recites:

"This is a court of equity, and the court feels that, in order to do substantial justice between all the parties herein, that such parties should have their day in court, and an opportunity to litigate such matter of an accounting, and in order to do so, should be required to replead, in order that the issue be clearly and fully set forth. It is therefore ordered and decreed that this case, so far as it involves the rights of the parties in and to the proceeds of mortgaged property sold, and the proceeds delivered to the plaintiff prior to the writ of attachment, be not determined at this time, and that said matter be continued for further hearing; and further, that the parties herein replead with reference to such matter, in order that such issue be clearly defined. Nothing stated herein is to be taken or considered as an adjudication of any matter undetermined by this order. The motion of interveners to strike the demurrer of plaintiff, heretofore filed, is hereby sustained, and same is stricken."

Out of the intricacies of the maze of pleadings and counter-pleadings, motions and counter-motions, hearings and rulings, orders and decrees, there emerge really but three propositions that we shall consider on this appeal.

I. The court refused to permit interveners to plead and prove the reasonable value of the property seized and sold, after a decree had been entered awarding restitution to interveners of  the amount for which said property had in fact been sold. Under the record, this ruling by the court was correct. Interveners originally claimed only restitution of the amount for which the property was sold. The defense to their claim was estoppel. We held that the plea of estoppel was not available to plaintiff, and reversed the case. Upon retrial, interveners occupied the same position as to the property that had been seized and sold. The amount was agreed upon in open court, decree entered apparently by consent of all parties, and, as we understand the record, the amount awarded has been paid by plaintiff and accepted by interveners. There was no offer to restore the *status quo*.

We sustain the ruling of the trial court in denying inter-

veners' motion to reopen the case and retry the question of damages upon a new theory. The interveners had secured a decree of restitution for exactly what they asked. The decree had apparently been entered by consent, and had apparently been fully acquiesced in and performed. Interveners were not merely attempting to "mend their hold." They had evidently lost their hold entirely.

The court did not err in overruling interveners' application for a retrial of the question of the amount of damages sustained by interveners by reason of the seizure and sale of their property in the original foreclosure proceedings. See *Reichelt v. Seal*, 76 Iowa 275.

II. On December 14, 1925, Mary McCarthy filed her separate petition of intervention, claiming certain property that had been seized under the attachment. Plaintiff filed answer to said petition. Upon the original trial, decree was entered for plaintiff, and there does not appear to have been any specific finding as to the claim of Mary. On appeal to this court, no mention was made of the separate claim of Mary. After procedendo issued, Mary joined with the other interveners in the supplemental petition of intervention, claiming with said interveners all of the property seized and sold, and asking for an accounting as to it. So far as we can ascertain from the record, after the reversal Mary made no assertion of any separate claim to any of the property sold under the attachment, and sought only her share therein, jointly with the other interveners. She joined with them after reversal in seeking restitution jointly for the very property which she had claimed separately under her original petition of intervention. She received her share when paid by the bank. Obviously she had abandoned her separate petition of intervention, and had occupied the wholly inconsistent position of accepting her share in a lump-sum settlement of all of the property belonging to all the interveners which had been seized and sold. She does not appear to have made any assertion of any separate claim under her original petition of intervention upon the final hearing, and we fail to find any definite ruling in regard to her separate petition of intervention that is made the basis of this appeal. She took no separate appeal, but merely joined with the other interveners in the appeal of the case. We find nothing

to review as to the separate petition of intervention of Mary McCarthy, on this record. All her rights in and to the property seized and sold in the foreclosure case appear to have been fully disposed of in the proceedings in the case after reversal, and acquiesced in by her. She cannot now, on appeal, attempt to resurrect her individual petition of intervention, under such a state of the record.

III. After the interveners filed their supplemental petition of intervention, the appellant first filed a motion to strike said supplemental petition of intervention as a whole. Subject  to the ruling on said motion, the plaintiff moves to strike Paragraphs 9 and 10 thereof. The court overruled the motion to strike the supplemental petition as a whole, and reserved ruling on the motion to strike the said paragraphs. Thereafter, the plaintiff filed a demurrer to the portions of said supplemental petition of intervention pleading said alleged new matter, and, subject to the ruling on said demurrer, the plaintiff filed an answer to said supplemental pleading. The interveners filed a motion to strike the said demurrer of the plaintiff. The cause was then tried, and after submission, the court made the ruling previously quoted, holding that the question of the rights of the parties in and to the proceeds of mortgaged property sold and the proceeds delivered to the plaintiff *prior* to the writ of attachment be not then determined, and that said matters be continued for further hearing, and that the parties replead with reference to said matters, in order that said issues be clearly defined. It is from this ruling that plaintiff appeals.

As we construe the record, the plaintiff started action to foreclose a mortgage on specific personal property, and aided the same by writ of attachment. The petition of the interveners, as originally filed, claimed the proceeds of the specific property so seized under said writ of attachment by the plaintiff. By the supplemental petition now presented, the interveners ask affirmative relief for the proceeds of certain property which it is contended was not included in the original action nor involved in the plaintiff's foreclosure proceeding. They now claim the proceeds of property which they allege belonged to them, and which had been sold, and the proceeds thereof delivered to the plaintiff prior to the commencement of the original action of foreclosure.

The real point for determination is whether or not the interveners are in a position to now plead such alleged claim. We do not pass upon the sufficiency of the pleadings. Whether the claim of the interveners as to such property is in the nature of an action of conversion or otherwise, is a question upon which we make no pronouncement. The trial court evidently regarded the pleadings as of doubtful sufficiency, and ordered that the parties replead, and clarify their respective contentions.

The only question for determination at this point is whether or not the interveners, after the first trial, appeal, and reversal of the case, should be permitted to plead a cause of action separate and distinct from the cause of action that inhered in their original pleadings, and seek to obtain affirmative relief for a new, separate, and distinct cause of action.

At the outset, it is to be noted that the interveners were not defendants in the original action. They came in as interveners, claiming an interest in the property seized under the writ of attachment in the case.

Section 12136, Code, 1927, is as follows:

"Any person other than the defendant may, before the sale of any attached property, or before the payment to the plaintiff of the proceeds thereof, or any attached debt, present his petition verified by oath to the court, disputing the validity of the attachment, or stating a claim to the property or money, or to an interest in or lien on it, under any other attachment or otherwise, and setting forth the facts upon which the claim is founded."

Code Section 11174 is as follows:

"Any person who has an interest in the matter in litigation, in the success of either of the parties to the action, or against both, may become a party to an action between other persons, either by joining the plaintiff in claiming what is sought by the petition, or by uniting with the defendant in resisting the claim of the plaintiff, or by demanding anything adversely to both the plaintiff and defendant, either before or after issue has been joined in the cause, and before the trial commences."

Interveners came within the statutory provisions. The question of their right to the property seized under the attachment

has now been fully settled and determined. The interveners now seek to assert an entirely new, separate, and distinct cause of action against the plaintiff. They seek to recover for the proceeds of certain personal property which they contend the plaintiff received *prior* to the institution of the foreclosure action, and which was in no way involved in the original suit. Strictly speaking, the supplemental petition of intervention as to this matter is wholly independent of the foreclosure action or the claim for the property seized under the attachment in the foreclosure case. If the interveners have a cause of action against the plaintiff for the proceeds of personal property sold prior to the commencement of the foreclosure action, they could and should have prosecuted the same by an independent suit. They are in a very different situation from the defendant, seeking to plead a defense to an action brought against him. They are appearing voluntarily, as permitted by statute, and properly contested the right of plaintiff to the property that had been seized. After that question is settled, they are now seeking to recover from the plaintiff, as in an independent action, the proceeds of certain other property which they claim the plaintiff received, at an earlier time. One who appears by intervention is permitted to do so because of an interest in the pending litigation. Whatever interest the interveners had in the original foreclosure action, the pending litigation, has been fully disposed of. They now assert a new cause of action against the plaintiff, which is not properly a matter of intervention at all, but should be prosecuted by an independent action.

Upon the record, the court should have sustained plaintiff's motion to strike the portions of interveners' supplemental petition of intervention which attempted to plead such a separate and independent cause of action,—this to be without prejudice to replead the same as such independent action. In so holding, we make no pronouncement whatever as to the merits of interveners' pleading, or as to whether or not plaintiff's demurrer thereto was well taken, or whether or not interveners' supplemental petition stated a cause of action. We merely hold that interveners could not, at this stage of the proceedings, plead, by way of intervention, a wholly new, separate, and distinct cause of action against the plaintiff, if they have one. If they have such cause of action, they must plead it in a new and separate

suit; and whether or not it can be maintained, and in what forum it must be brought, are matters not involved in this appeal, and upon these questions we expressly reserve any pronouncement. We simply hold, as a matter of procedure under the statutes, that interveners could not plead the matter now set up by a supplemental petition of intervention in the foreclosure suit.

It therefore follows that the cause is reversed on plaintiff's appeal, and is affirmed on interveners' appeal.

It is so ordered.—*Reversed on plaintiff's appeal; affirmed on interveners' appeal.*

MORLING, C. J., and STEVENS, ALBERT, and WAGNER, JJ., concur.