# CHARLESTON.

THE NATIONAL BANK OF SUMMERS OF HINTON *v.*
A. L. BARTON *et al.*

(No. 6744)

Submitted November 12, 1930.   Decided November 18, 1930.

*J. W. Maxwell* and *A. D. Daly,* for appellants.
*Thomas L. Read,* for appellee.

MAXWELL, JUDGE:

Proceeding under section 5, chapter 134, Code, appellant, James H. Dickinson, sought reversal by the circuit court of Summers County of a decree *pro confesso* theretofore entered by said court in this cause, the appellant being a party defendant thereto.   The circuit court having dismissed his petition to reverse, he prosecutes this appeal.

The decree that is sought to be reversed under the petition was entered on the 15th of October, 1928.   That decree confirms the report of the commissioner in chancery and directs a sale of the judgment debtor's real estate.   The complaint is that it gave to two judgments of the plaintiff preference over a deed of trust note of which petitioner was assignee.   There was no appearance in the case by any defendant by demurrer, plea, answer or otherwise.   Neither Dickinson nor anyone else

filed exceptions to the commissioner's report prior to the adjournment of the regular term of court at which the said report was confirmed and sale of the property of the debtor was directed. At a special term, some weeks subsequent to the adjournment of the said regular term, Dickinson excepted to the commissioner's report on the ground of error in the assignment of priorities above mentioned. These exceptions were overruled by the court on the ground that they had not been filed in time. Between the time of the filing of the exceptions and the date of the overruling of the same, the debtor's real estate was sold at public outcry by the special commissioner who had been appointed by the court for that purpose, and at such sale the petitioner, James H. Dickinson, became the purchaser. This sale was confirmed by the court after overruling the said exceptions and the special commissioner was directed to apply the proceeds of sale in conformity with the decree of October 15, 1928, which confirmed the commissioner's report, fixed the order of priorities and directed sale of the property. About a month after the said decree of confirmation had been entered, Dickinson filed his petition to reverse the decree of October 15, 1928.

We are thus confronted by a situation in which a party seeks reversal of a decree under which he has purchased and retained valuable real property. It is insisted on his behalf that this was not such an acceptance of benefits under the decree, acquiesced in by him at the time, as preclude him from appealing from the decree. His counsel also say: "It may be that it would have been necessary if the court had sustained his petition to reverse, to re-sell the land; he was not objecting to that and does not do so now." The petition contains no offer to surrender the property. By the prayer there is sought to be obtained the reversal not only of the decree of October 15, 1928, but also of the decree of confirmation entered in January, 1929. To use the language of the prayer:' "* * * and that said subsequent decree be likewise corrected; and that the plaintiff, The National Bank of Summers of Hinton, be required to reimburse this plaintiff (appellant) the amount paid to said plaintiff (Bank) from the proceeds of said real estate to the extent of the plaintiff's (appellant's)

said claim amounting to $332.75 with interest thereon from said 15th day of October, 1928, or such portion of said amount as the said plaintiff (Bank) has received of said proceeds.'' Thus was the situation presented to the trial court. That is, the petitioner, while retaining the property which he had purchased at the special commissioner's sale, and not offering to surrender the same, sought to have the priorities changed and under such change to require the plaintiff in the suit to turn over to him the proceeds of sale which had been paid to the plaintiff under the priority which the court had allowed it. In his written opinion, the judge of the circuit court very properly emphasized the unfairness which this procedure would involve for the plaintiff, in this, that when the property went to sale, the plaintiff had a right to rely upon the priority which had been adjudicated by the decree and to govern its action accordingly with reference to bidding on the property at the sale. To change that order of priority subsequent to the sale of the property, with the necessary result that the plaintiff would be deprived of any possible opportunity of protecting itself in the bidding, would be manifestly unfair and unjust. Appellant's purchase of the property under the decree of sale would therefore seriously impair the rights of his adversaries in the event of a reversal. The inconsistencies in this position are manifest. It is a general rule that a party may not appeal from a decree under which he enjoys benefits which are inconsistent with the appeal. *McKain* v. *Mullen*, 65 W. Va. 558; *Bright* v. *Mollohan*, 75 W. Va. 116; *Eakin* v. *Eakin*, 83 W. Va. 512; *Souders* v. *Leatherbury*, 97 W. Va. 31; 3 Corpus Juris, 679. Of course, if appellant, for the reasons aforesaid, was not in position to appeal from the decree of October 15, 1928, he is in no better position to seek reversal thereof by the trial court under section 5, chapter 134, Code.

The decree of the circuit court is affirmed.

*Affirmed.*