CHESAPEAKE & OHIO RAILWAY COMPANY *v.* C. C. LANE, *Trustee, et al.*

(No. 7287)

Submitted October 25, 1932.    Decided November 15, 1932.

*Fitzpatrick, Brown & Davis* and *McDaniel Purcell,* for plaintiff in error.

*J. W. Maxwell,* for defendants in error.

LIVELY, JUDGE:

This is a suit to condemn land for railroad purposes, and involves a taking of 3.63 acres out of a tract of about 23 acres, at Second Creek Tunnel of the C. & O. Railroad Company in Greenbrier county, which tract adjoins the right of way of the railroad in a crescent shape for a distance of about one-half mile on the northeast side of the railroad right of way. The title to the tract is held by Lane, trustee for bene-

ficial owners named as defendants. The land consists of a cliff of limestone rock of little practical value except for quarry purposes, the back line of which runs a distance of from 10 to 125 feet from the edge of the cliff. The present line of railroad skirts the base of the cliff which is about 200 feet high, and the back line of the tract varies from 200 to 500 feet horizontal distance from the present location of the railway tracks. In order to straighten its tracks, the railroad company proposes to tunnel under the cliff owned by defendant, splitting it into two tracts by taking 3.63 acres and leaving 3.5 acres on the southwest side of the tracks and 15.77 acres on the northeast side thereof. Along the northeast portion (the 15.77 acres) the tracks will be moved away from the base of the cliff nearer the Greenbrier River from 50 to 200 feet, thus straightening the tracks. The new tunnel will penetrate the cliff about 800 feet east of the present tunnel under the same cliff.

Proceeding under Code 54-2-15, serial section 5386, plaintiff gave bond and took possession, and proceeded with the work on the proposed new tunnel. Commissioners selected reported compensation for the land taken and damages to the residue at $258.75; both parties excepted, and demanded a jury which returned a verdict for $3,500.00, on which judgment was entered August 6, 1931, and from which plaintiff prosecutes error.

The only issue in the trial was the amount of compensation, and plaintiff here asserts that the judgment is excessive; that the jury arrived at its verdict under inadmissible evidence, and without any evidence that the land had a market value as a quarry site.

Counsel for defendants says the controversy is a moot one, and moves a dismissal of the case, because the amount of the judgment, interest and costs has been paid by defendant to the clerk, who has distributed the same to defendants through their counsel, as shown by the circuit court clerk's certificate.

After the judgment had been entered, which provided (in the language of the statute) that upon payment of the judgment, interest and costs, the title to the real estate taken should be vested in the applicant, plaintiff delivered to the clerk a draft covering the judgment, interest and costs with-

out any instructions as to its disposition, and the clerk immediately sent his check therefor to defendants' counsel. Plaintiff, upon learning of the action of the clerk in so doing, protested to the clerk who immediately stopped payment on his check, and notified plaintiff's attorney to whom the check had been sent. Defendants' attorney had already deposited the clerk's check for collection and had issued his checks in settlement with his clients, and upon conference of counsel representing both sides, in order to relieve defendant's counsel of the embarrassment of having checks protested or payment thereon stopped, it was agreed that immediate repayment to the clerk would not be insisted upon, but that the plaintiff's rights would not be prejudiced in any manner. This situation does not make the case moot, but calls for a decision as to whether the condemnor is estopped from prosecuting error. If so, the writ has been improvidently awarded. If not, the points of error (1) inadmissibility of certain evidence, and (2) lack of evidence of the value of the cliff as a quarry site, must have decision.

The judgment was entered August 6, 1931, and the writ of error was granted in February, 1932. At some time between these dates, presumably within three months from the date of judgment (the record is silent), condemnor paid to the clerk the amount of the judgment, interests and costs. Payment to the clerk was payment into court under Code 54-2-18. This payment was made without reservation, and the clerk proceeded to pay the money to the land owners, as above set out. No writ of error was pending, nor had there been application therefor, or if there had, none had been granted. Counsel for condemnor says that the payment was made in order to get title to the land condemned under Code 54-2-12, which says that at any time within three months from the confirmation of the verdict the applicant (condemnor) may pay into court the sum so ascertained, with legal interest thereon from date of verdict until payment, *and upon such payment the title to that part of the land so paid for shall be absolutely vested in fee simple in the applicant,* if it seeks to acquire the fee. Upon payment into court, the law transferred title, and it could not re-invest upon agreement of counsel to relieve personal embarrassment. ''The law first, contracts second.'' *Carleton*

*Co.* v. *Ry. Co.,* 106 W. Va. 126, 133, 145 S. E. 42, 45. By paying the judgment and interest, the condemnor took title to the 3.63 acres and received that benefit under the judgment of which it now complains. Defendants could have refused to accept the money and prosecuted error if granted, but they did not do so. Had they accepted the money paid into court (as they have done) they would thereby have been estopped from prosecuting error. *McKain* v. *Mullen,* 65 W. Va. 558, 64 S. E. 829. "It is a general rule that a party who accepts the benefit of a judgment waives the right to prosecute an appeal from it." Elliott on Appellate Procedure, sec. 150. Plaintiff was not compelled to pay the judgment and interest into court in order to preserve its right to take the title to the land condemned. It could have applied for and perfected its writ of error without doing so, thus rendering the judgment ineffective until decision on the writ either affirmed or vacated it. Having voluntarily paid the judgment and thereby acquired title to the condemned land in fee, it received a benefit inconsistent with its right to a writ of error. Moreover, it not only paid the judgment and interest, but also the costs of the suit, indicating a full settlement of the entire controversy. "A person who does a positive act, which, according to its natural import, is so inconsistent with the enforcement of a right in his favor as to induce a reasonable belief that such right has been dispensed with, will be deemed to have waived it." 29 Am. & Eng. Ency. Law (2nd Ed.), 1103.

Our cases, notably *McKain* v. *Mullen,* 65 W. Va. 558, 64 S. E. 829, and *Eakin* v. *Eakin,* 83 W. Va. 512, 98 S. E. 608, point out that the law favors appeals; and that the act of acquiescence and waiver on the part of the litigant seeking appeal must be clear and decisive. They also point out exceptions to, or modification of, the rule stated in *Bright* v. *Mollohan,* 75 W. Va. 116, 83 S. E. 298, as follows: "A party availing himself of a decree as far as favorable to him cannot appeal from the decree wherein it is not favorable to him, if his acceptance of the benefit on the one hand is totally inconsistent with appeal on the other." We think the payment of the full judgment and costs was a voluntary, clear and positive act from which a benefit was derived and is incon-

sistent with a writ of error from the judgment and does not fall within any exceptions to the general rule that a litigant who enforces, or otherwise accepts the benefit of a judgment, order, or decree cannot afterward have it reviewed for error, or deny the authority which granted it. We cannot consider the alleged errors. See *Souders* v. *Leatherbury*, 97 W. Va. 31, 125 S. E. 236.

Counsel for condemnor would avoid the effect of its payment of judgment, interest and costs by relying upon Code 54-2-16. That section is to the effect that where the commissioners have made their report, whether a jury has been demanded or not, and the applicant (if other than a corporate body politic) has paid into court the sum ascertained by the report, it may then proceed to take and use the property for the purpose specified in the application, and upon subsequent proceedings either by subsequent report confirmed, or verdict of a jury, the sum found is in excess of the amount paid into court, and the applicant fails to pay it, judgment shall be given for the excess; and if less than the amount paid in, then the excess shall be repaid to the applicant out of the amount paid into court. That section has little application to the amount here paid into court, for that amount was not paid in under either sections 16 or 13, but under said section 12, after there had been a final judgment. Nothing had been theretofore paid, but the condemnor had given bond under section 15, had taken possession and was using the property for the purpose stated in the application. And *Railroad Co.* v. *Coal Co.*, 75 W. Va. 423, 83 S. E. 1031 (relied upon by condemnor), holds that where the applicant has paid into court the amount assessed by the *commissioners* and the same has been paid out by the court, and by subsequent proceedings the damages are ascertained to be less than the amount paid in, then the excess may be recovered back from the persons to whom the excess was paid, under said section 16. That case is not applicable to payment of money under a verdict and final judgment.

The writ will be dismissed as improvidently awarded.

*Dismissed.*