The FEDERAL LAND BANK OF
OMAHA, a corporation,
Appellant (Plaintiff),

v.

Jeanne C. MILLER, Appellee
(Defendant),

Teri Kay Carroll, Wyoming Production
Credit Association, a Wyoming corpo-
ration, Howard T. Carroll and Jean S.
Carroll (Defendants).

No. 86–90.

Supreme Court of Wyoming.

Dec. 18, 1986.

Richard E. Miller of Skiles and Associ-
ates, Laramie, and Laurice M. Margheim
(argued), of Margheim & Erickson, Alli-
ance, Neb., for appellant.

Eric M. Alden of Jones, Jones, Vines &
Hunkins, Wheatland, for appellee.

Before THOMAS, C.J., and BROWN,
CARDINE, URBIGKIT and MACY, JJ.

CARDINE, Justice.

This appeal involves a question of priori-
ty of mortgages covering the same real
property. Appellant Federal Land Bank of
Omaha appeals the trial court's determina-
tion that its mortgage was superior up to
the amount of $360,000.00 and no more.

We dismiss the appeal.

On December 16, 1977, Teri Carroll pur-
chased ranch property of Jeanne C. Miller
for a total purchase price of $500,000.00.
At closing, Teri Carroll executed a promis-
sory note in the amount of $160,000.00
payable to Jeanne C. Miller, secured by a
mortgage upon the ranch, and executed a
promissory note in the amount of $360,-
000.00 payable to the Federal Land Bank of
Omaha (hereinafter Bank) which was also
secured by a mortgage on the ranch. Out
of the $360,000.00 Bank loan, $340,000.00
was paid to Jeanne C. Miller upon the pur-
chase of the ranch. A condition of the
Bank's approving its loan to Teri Carroll
was that Jeanne C. Miller agree to subor-
dinate her mortgage to the mortgage given
the Bank. Jeanne C. Miller executed the
subordination agreement, and both mort-
gages were simultaneously and properly
filed with the county clerk.

Subsequently, the buyer, Teri Carroll, de-
faulted on both loans, and a dispute arose

between the Bank and Jeanne C. Miller as to the amount by which the Bank's mortgage took priority over the mortgage of Jeanne C. Miller. The Bank contended that its mortgage was superior to the Miller mortgage in the total amount of the buyer's indebtedness to the Bank, i.e., $360,-000.00 plus accumulated interest, taxes, costs and fees. In its final judgment entered February 14, 1986, the court declared that the Bank's mortgage would take priority up to $360,000.00; that the mortgage of Jeanne C. Miller was a valid mortgage in the principal amount of $160,000.00, subject only to the Bank's mortgage in the amount of $360,000.00; and that the mortgaged property might be sold in foreclosure. The Bank filed its notice of appeal to this court on March 3, 1986.

While the appeal was pending, the Bank continued foreclosure proceedings toward the sale of the ranch pursuant to the judgment and § 1–18–111, W.S.1977.[1] On April 21, 1986, the appellee, Jeanne C. Miller, moved this court for an order staying the foreclosure sale until final determination of the appeal. The motion was denied.

During oral argument of this appeal, both parties acknowledged that the Bank had purchased the ranch property at a public foreclosure sale by entering the highest bid, $360,000.00, and, pursuant to § 1–18–102, W.S.1977, received a purchaser's certificate for the ranch.[2] After the foreclosure sale, the appellee moved this court for dismissal of the appeal due to mootness. Briefs and affidavits were filed. This court declined to dismiss the appeal.

The issues brought by the appellant, Federal Land Bank of Omaha, for review in this appeal are:

1. Section 1–18–111, W.S.1977, states in relevant part:

   "When a mortgage is foreclosed a sale of the premises shall be ordered. The decree directing the sale is sufficient warrant for the sheriff or other officer to proceed to advertise and conduct the sale."

2. Section 1–18–102, W.S.1977, states in relevant part:

1. Whether the decree of the trial court is final and appealable.

2. Whether the language in the mortgage held by Jeanne C. Miller making that mortgage junior to the mortgage held by the Federal Land Bank of Omaha subordinates the Miller mortgage to all sums found due the Bank under their note and mortgage including principal, interest, advances, attorney's fees and all other costs incurred by the Bank in protecting its interest in the property.

## FINAL AND APPEALABLE JUDGMENT

The appellant, Federal Land Bank of Omaha, contends that the trial court's final judgment, issued on February 14, 1986, is a final and appealable judgment in all respects under Rule 1.05, W.R.A.P. We agree.

We dismissed a previous appeal of this case because the appeal was not taken from a final order adjudicating the claims of all parties and because the lower court failed to express the determination that there was no just reason for delay as required by Rule 54(b), W.R.C.P. The trial court subsequently issued a revised judgment and final order, and we now find that all claims as to all parties have been finally adjudicated, that this case meets all jurisdictional requirements, and is properly before this court at this time.

## LIMITED PRIORITY OF THE MORTGAGE

The Bank contends that the mortgage held by Jeanne C. Miller is a second mortgage and that its mortgage is a first mortgage superior in priority as to all amounts of money due, including principal, interest,

"When real property is sold by virtue of * * * decree of foreclosure * * * the sheriff or other officer, instead of executing a deed to the premises sold, shall give to the purchaser of the lands a certificate in writing describing the property purchased and the sum paid therefor * * *. The certificate shall state that the purchaser is entitled to a deed for the property at the expiration of the period of redemption, unless the property is redeemed prior to that date as provided by law."

advances, attorney's fees and all other costs incurred. It claims that the trial court erred in determining that the Bank's mortgage was first in priority over the Miller mortgage up to the amount of $360,000.00 and no more. The appellee, Jeanne C. Miller, concedes the $360,000.00 priority, but takes issue with the Bank's assertion of additional priority.

After the final judgment regarding the priority of the mortgages was entered by the trial court on February 14, 1986, the appellant-bank foreclosed its mortgage and thereafter bid in the mortgaged property at the foreclosure sale in the amount of $360,000.00. Being the highest bidder, the Bank received a certificate of purchase which might ripen into title and ownership of the ranch but was subject to redemption, first to mortgagor-buyer Carroll and next by the junior lienholder Miller by payment of the amount of the Bank's bid, $360,000.00, plus expenses under the applicable Wyoming statutes. These statutes provide in relevant part:

Section 1–18–103, W.S.1977, Cum.Supp. 1986:

"(a) Except as provided with respect to agricultural real estate, it is lawful for any person, his heirs, executors, administrators, assigns or guarantors whose real property has been sold by virtue of an execution, decree of foreclosure, or foreclosure by advertisement and sale within three (3) months from the date of sale, to redeem the real estate by paying * * * the amount of the purchase price or the amount given or bid * * *. On payment of this amount the sale and certificate granted are void.

"(b) In the case of any mortgage upon * * * *agricultural real estate* * * * the period within which the owner, his heirs, executors, administrators, assigns or guarantors may redeem the premises sold is twelve (12) months from the date of the sale." (Emphasis added.)

Section 1–18–104, W.S.1977:

"(a) If no redemption is made within the redemption period provided in W.S. 1–18–103, any judgment creditor of the person whose real estate has been sold, or any grantee or mortgagee of the real estate or person holding a lien on the real estate sold is entitled to redeem the same on or before the thirtieth day after the expiration of the applicable redemption period provided in W.S. 1–18–103, by complying with subsections (b) and (c) of this section.

"(b) The redemptioner shall pay to the purchaser or to the officer conducting the sale, the amount bid with interest at ten percent (10%) per annum from the date of sale, and the amount of any assessments or taxes and the amount due on any prior lien which the purchaser may have paid after the purchase, with interest. If the purchaser also has a lien prior to that of the redemptioner, the redemptioner shall also pay the amount of the lien with interest."

By purchasing the property at public sale, the Bank acquired the right to either receive the redemption price of $360,000.00 plus interest and costs, or become the sole owner of the property upon expiration of the statutory redemption period.

Principles of equity, as well as the applicable rules of law, dictate that the appellant-bank be precluded from asserting its claim on appeal that its mortgage has priority over the Miller mortgage in the amount exceeding $360,000.00, the amount of the bid, and at the same time accept the benefits of foreclosure which give the Bank the right of receiving the redemption price or becoming the sole owner of the property.

The appellant-bank foreclosed on their mortgage, forced a foreclosure sale, purchased the collateral property at the foreclosure sale by entering the highest bid, and accepted the statutory redemption scheme benefits as enumerated in §§ 1–18–102 and 1–18–104 through 1–18–108, W.S. 1977, and 1–18–103, W.S.1977, Cum.Supp. 1986, all by asserting the validity of the trial court's judgment. However the appellant-bank by this appeal also asserts the judgment's invalidity in an effort to obtain additional monetary priority. It is a well-

recognized general rule of law that one who accepts the benefits of a judgment cannot thereafter attack it by appeal. *McDaniel v. Jones*, 235 Kan. 93, 679 P.2d 682 (1984); *Rosen v. Rae*, 132 Ariz. 509, 647 P.2d 640 (1982).

Additionally, if the courts were to allow one to appeal the determination of respective interests of priority after a foreclosure and public sale, it might have a chilling effect upon potential bidders at the sale and put all others having an interest in the property at a decided disadvantage.

"The purpose of fixing the amounts and the priority of interests is said to be that the parties may bid intelligently to protect their interests. The part adjudging the liens is therefore not separable from that decreeing the sale. One who proceeds with the sale, or takes an active part in it as by bidding in the property, cannot appeal for error in determining the respective interests in the proceeds." Annot., 169 A.L.R. 985, 1039 (1947) (citing *Souders v. Leatherbury*, 97 W.Va. 31, 125 S.E. 236 (1924) and *National Bank of Summers of Hinton v. Barton*, 109 W.Va. 648, 155 S.E. 907 (1930)).

As stated in *Trapp v. Off*, 194 Ill. 287, 62 N.E. 615 (1901), and *Reichelt v. Seal*, 76 Iowa 275, 41 N.W. 16 (1888), where the appellant or petitioner is shown to have bought in the property at sale, the buying in of the property constitutes a waiver of the right to appeal unless circumstances of necessity exist which are deemed sufficient to negate the waiver.

In the case of *Souders v. Leatherbury*, 97 W.Va. 31, 125 S.E. 236 (1924), Souders successfully claimed priority for his judgment lien as against a trust deed to a bank. Subsequently the bank bid in the property and then appealed the priority judgment of the court. The court said:

"After the sale is thus made, to change the order of the liens without setting aside the whole decree of confirmation would manifestly deprive Souders of a substantial right to protect his lien by making the property sell for a higher price, and give to the purchaser the cor-

responding benefit of eliminating him as a competitive bidder." *Ibid.* at 239.

In *National Bank of Summers of Hinton v. Barton*, 109 W.Va. 648, 155 S.E. 907 (1930), the appellant sought reversal of a decree under which the court ruled that the appellee's lien took preference over the appellant's deed of trust note. However, as in this case, the appellant also exercised his right and bought in the property pursuant to the court's decree. In that case the court stated:

"[W]hen the property went to sale, the plaintiff had a right to rely upon the priority which had been adjudicated by the decree and to govern its action accordingly with reference to bidding on the property at the sale. To change that order of priority subsequent to the sale of the property, with the necessary result that the plaintiff would be deprived of any possible opportunity of protecting itself in the bidding, would be manifestly unfair and unjust. Appellant's purchase of the property under the decree of sale would therefore seriously impair the rights of his adversaries in the event of a reversal. The inconsistencies in this position are manifest. It is a general rule that a party may not appeal from a decree under which he enjoys benefits which are inconsistent with the appeal. *McKain v. Mullen*, 65 W.Va. 558, 64 S.E. 829, 29 L.R.A. (N.S.) 1; *Bright v. Mollohan*, 75 W.Va. 116, 83 S.E. 298; *Eakin v. Eakin*, 83 W.Va. 512, 98 S.E. 608; *Souders v. Leatherbury*, 97 W.Va. 31, 125 S.E. 236. 3 Corpus Juris, 679." *Id.* 155 S.E. at 908.

Finally, we note that "[t]he mortgagee may buy the land at the [judicial sale] and thus acquire the title, but he acquires it as a purchaser, and not as mortgagee." *State Bank of Lehi v. Woolsey*, Utah, 565 P.2d 413, 416 (1977).

"Under the prevailing rule, a foreclosure and sale of mortgaged premises for a part of the mortgage debt exhausts the lien, and the purchaser takes the property entirely discharged from the mortgage unless the decree of sale is so

drawn as to preserve the lien." 55 Am. Jur.2d Mortgages § 797.

The purchaser's certificate received by the Bank provides for no such preservation of any lien. Therefore, the Bank no longer retains a lien or mortgage from which it may question positions of priority.

As stated by the court in *Souders v. Leatherbury,* supra, we believe that the appellant-bank's right of appeal would not have been lost if it had stayed the sale pending appeal. But here the Bank, resisting a motion to stay, insisted upon proceeding with sale at foreclosure and bid in the ranch for less than it claims on appeal to be its lien. The Bank cannot accept the benefits of foreclosure, that of receiving the amount of its bid in redemption or becoming the sole owner of the property, and at the same time assert additional priority at the appellate level.

For the reasons stated, the appeal is dismissed.