296 S.E.2d 899

**Donna M. WHITTINGTON**

v.

**TURNPIKE FORD, INC.**

**No. 15308.**

Supreme Court of Appeals of West Virginia.

May 28, 1982.

---

**770**

Bradley J. Pyles, Logan, for appellant.

John L. MacCorkle, Charleston, for appellee.

PER CURIAM:

This is an appeal by Donna Whittington from an order of the Circuit Court of Kanawha County awarding her $1,000.00 as an attorney fee in an action for breach of warranty which she brought against Turnpike Ford, Inc. In this proceeding the appellant contends that the $1,000.00 award was inadequate. In opposition to the appellant's position, Turnpike Ford argues that the appellant accepted money in satisfaction of the attorney fee award and that she is not entitled to have the award reviewed on appeal. We agree with Turnpike's position, and we dismiss the appeal heretofore granted.

The appellant sued Turnpike Ford, Inc. for breach of warranty and damages arising out of her purchase of a 1976 Chevrolet. After extensive litigation a jury returned a verdict in the appellant's favor for $3,500.00. The Circuit Court entered judgment for the appellant on that verdict and on a related verdict.

By way of post-trial motion the appellant moved for an award of an attorney fee as authorized by the Federal Act on which the substantive cause of action was based. 15 *U.S.C.A.*, 2301, *et seq.* In support of the motion she submitted documentation of the hours spent by her attorneys on the litigation. After examining the documentation the court, on March 25, 1981, awarded the appellant an attorney fee of $1,000.00.

Subsequently, the appellant, to collect the $1,000.00 fee, and interest on it, procured a Writ of Execution and a Suggestee Execution from the Clerk of the Circuit Court of Kanawha County. Pursuant to the Suggestee Execution, the Charleston National Bank, the Suggestee, paid the appellant's attorney $1,041.91, in satisfaction of the attorney fee award, and an order in satisfaction of the judgment was entered on April 24, 1981.

On appeal Turnpike Ford claims that the appellant's subsequent appeal of this issue is precluded by her issuing execution and obtaining satisfaction of the $1,041.91 judgment for attorney fees. Our rule governing such situations is set forth in syllabus point 5 of *Mr. Klean Car Wash, Inc. v. Ritchie*, 161 W.Va. 615, 244 S.E.2d 553 (1978):

> " 'It is a general rule that a litigant who enforces, or *otherwise accepts* the benefit of a judgment, order, or decree cannot afterward *have it reviewed for error,* or deny the authority which granted it.' Syllabus, *Chesapeake & Ohio Ry. v. Lane*, 113 W.Va. 51, 166 S.E. 698 (1932) [Emphasis in original]"

We believe that under this rule the appellant is precluded from challenging the amount of the award made by the lower court.

For the reason stated the appeal heretofore granted will be dismissed as having been improvidently awarded.

Dismissed.